### WEED *vs.* SMULL & MILES.

Where the complainant seeks to impeach and open a stated accouut, on the ground of fraud or mistake therein, if he not only impeaches the account, in his bill, but also charges that he has no counterpart of the account, and prays that it may be set forth in the answer, the defendant who pleads the stated account in bar of the suit, must annex a copy of the account to his answer in support of the plea.

But where the complainant, by his bill, waives an answer on oath, no answer or discovery in support of the plea is necessary; and the defendant in that case may plead the stated account, in bar of the suit, without setting forth a copy thereof.

If the complainant files a general bill for an account, without alleging or suggesting that there has been any settlement or statement of accounts tween the parties, the defendant may plead an account stated in bar of the suit, so far as it seeks for an account between the parties, without annexing a copy of the account to his plea.

Upon a general bill for an account, if the defendant sets up a stated account in bar, the complainant will not be permitted to show mistakes or errors in such account; but he must amend his bill, as the settled account is prima facie a bar to the suit, until specific errors therein are assigned.

THIS case came before the court upon the plea of the May 7. defendants to part of the relief claimed by the complainant in his bill. The complainant and defendants were copartners in the business of buying, selling, preparing and dealing in wool and sheep skins, in the city of New-York, from March, 1835, to July, 1836. And this bill was filed for an account of the partnership business from the commencement; the complainant alleging that the accounts had never been settled, although about the time of the dissolution of the copartnership, the defendants made a statement of the account and submitted it to him for examination, and requested him to settle the same, which he refused to do. He also alleged in his bill that the statement so made out by them was incorrect and unjust, in several particulars pointed out in the bill; that the books of the copartnership, at the time that statement was furnished, were and still continued to be in the possession of the defendants. He therefore prayed for a decree for a full account and settlement of the copartnership dealings from the commencement; and

for the payment of the balance which, upon such account-ing, should be found due to him. He did not, however, ask for a statement of the account, in the answer of the defend-ants, but on the contrary an answer upon oath was expressly waived, by his bill.

To so much of the relief, prayed for in the complainant's bill, as sought for an account of the partnership transactions and business previous to the 16th of June, 1836, the defend-ants pleaded, in bar, a settlement of all the copartnership business and transactions, except the stock then on hand, up to and including the second of May, 1836; and the transfer of the complainant's share of the profits of the bu-siness to his individual credit in the private accounts be-tween him and the defendants; which accounts were also settled and stated at the same time; and a similar settle-ment, of the copartnership business and transactions from and after the second of May up to and including the 15th of June, 1836, which accounts were signed by the complainant and defendants; and which several stated accounts, as the defendants averred, were fully understood by the complain-ant at the time they were so settled and stated, and were in all respects correct, fair, just and true, and were a full account of all the copartnership dealings and transactions from the commencement of the copartnership down to and including the 15th of June, 1836. As to the residue of the bill the defendants put in an answer.

*B. W. Bonney*, for the complainant.

*Joseph Law*, for the defendants.

THE CHANCELLOR. The first objection which is made to the defendants' plea in this case, is that they have not an-nexed copies of the stated and settled accounts, which they plead in bar of any account in relation to the copartner-ship business previous to the 16th of June, 1836. It is evi-dent that the complainant has entirely mistaken the princi-ple upon which this objection was intended to be based; and that the objection could not have availed him any thing,

1839.

Weed
v.
Smull.

even if he had not deprived himself of the power to urge such an objection, by waiving the necessity of an answer on oath. The principle, as stated by Lord Hardwick, in *Hankey* v. *Simpson*, (3 *Atk.* 303,) is that where a bill is brought to impeach a stated or settled account, and the complainant not only impeaches the account but also charges that he has no counterpart thereof, and prays that the same may be set forth in the answers, the defendant, if he pleads the stated account in bar, must annex a copy thereof to his answer in support of the plea. Lord Redesdale refers to this principle; though he does not in terms confine it to a case where the bill admits that there has been an account stated between the parties, and seeks to open it upon the ground of error therein. (*Mitf. Pl.* 4 *Lond. ed.* 259.) It is evident, however, from the language used, that he is speaking of a bill to impeach or open an account stated, and not of a general bill for account, as this is. (*See also Story's Eq. Pl.* 617, § 802. *Davies* v. *Davies*, 2 *Keen's Rep.* 534. 2 *Daniel's Ch. Pr.* 189.) Indeed there would be no use in applying such a principle to a plea in bar to a general bill to account, to which such a plea is put in; as the object of annexing the copy of the account to the answer in support of the plea, is to enable the complainant to counterprove the general averments, in the plea, negativing the charges of errors in the account stated; where such errors appear upon the face of the account. And it is the settled law of the court, that where the complainant files a bill for a general account, and the defendant sets forth a stated one, the complainant must amend his bill; as he will not be permitted to show error in the stated account, at the hearing, where there is no allegation in the bill of any such error. The stated account is prima facie a bar, until the particular errors in it are assigned. (*Dawson* v. *Dawson*, 1 *West's Rep.* 170. *Sumner* v. *Thorp*, 2 *Atk. Rep.* 1.) In the present case this objection to the plea could not be sustained, even if the bill had been brought to impeach the account, and alleging specific errors therein; as the copy of the account annexed to the answer is no part of the plea, but is only a part of the discovery which the complainant may call for by his bill.

And by waiving an answer on oath the complainant relinquishes all claim to a discovery, from the defendant, in aid of his suit. No answer whatever in support of the plea was therefore necessary.

Neither can I see any foundation for the objection that the answer overrules the plea. This is not a case in which a discovery is made, by the answer, of matters which the defendant by his plea insists he is not bound to discover; for the plea in this case is confined to a part of the relief, sought by the bill, the whole discovery being waived by the complainant. And the allegation in the answer, as to the money being brought into the firm by the complainant and taken out again by him a few days afterwards, was not made as a defence to the accounting previous to the 16th of June, 1836, nor for the purpose of charging the complainant with the monies so drawn out. It was probably an unnecessary answer to what was an immaterial allegation in the bill.

The plea must be allowed with costs; and the part of the bill covered by the plea must be dismissed, unless the complainant thinks proper to take issue on the plea, upon payment of the costs of the hearing thereon, within the time specified in the 47th rule of the court.