·CONLEY & HARRISON *v.* DEERE, MANSURE & Co.

PLEADINGS AND PRACTICE. *Replevin. Receiver.* A creditor obtained a judgment in circuit court against Bryant & Newhouse, and execution was issued thereon. The goods of Bryant & Newhouse were then attached by bill in chancery court, and a receiver appointed. The officer levied the execution upon the goods, and the receiver brought an action of replevin in circuit court to recover possession. *Held:* That under the facts of this case, the dignity of the chancery court, within the same jurisdiction, cannot be asserted by an action of replevin in a common law court, against a party having in fact a superior right to the possession of the property.

FROM GIBSON.

Appeal in error from the Circuit Court of Gibson county.   J. T. CARTHELL, J.

W. M. McCALL for Conley & Harrison.

COOPER & BUCHANAN and WALKER for Deere, Mansure & Co.

FREEMAN, J., delivered the opinion of the court.

At the November term of the circuit court, defendants recovered a judgment against Bryant & Newhouse. After the recovery of said judgment, Bryant & Newhouse sold one-third of the stock to McNeal, after which sale the style of the firm was Bryant, Newhouse & McNeal.

An execution issued on the above judgment, which was levied on goods owned by Bryant & Newhouse at the time of the rendition of the judgment, the levy being of date January 12, 1881.

Before this time, however, the goods had been sold by Bryant, Newhouse & McNeal to Conley & Harrison. After this purchase several creditors had filed attachment bills, attaching these goods for debts of the former firm, under which proceedings Conley & Harrison had been appointed receivers, and placed in possession and control of the stock.

Upon the levy of the execution, the plaintiffs, as receivers, brought this action of replevin to recover possession of the property.

The sole title asserted is that of receivers, in this record, and the theory of the plaintiffs is, that the levy was an infringement upon the jurisdiction of the chancery court and a violation of its custody of property under its control, therefore wrongful, and they entitled to be restored by this proceeding to their possession.

His Honor, the circuit judge, sustained the contention of the plaintiffs, and gave judgment in their favor, from which an appeal, in the nature of a writ of error, is prosecuted to this court.

The question urged in argument, that the receiver cannot sustain this action because he does not show any authority from the chancery court to sue, is one not raised in the record. There was no objection taken in the court below on this ground, and if the point had been made, it may be that authority would have been shown. It suffices, however, to say, that the question not having been made on the hearing below, cannot now be assigned for error in this court. The general rule beyond question is, that a

receiver is not at iberty to bring or defend actions, or lay out money, unless by special leave of the court: Story Eq. Jur., vol. 2, sec. 833*a.*

It is equally well settled, that the possession of the receiver is deemed the possession of the court; and the court will not permit itself to be made a suitor in a court of law. " The proper and usual mode adopted under such circumstances," says Judge Story, Eq. Jur., sec 833*a,* "is for the party claiming an adverse interest to apply to the court to be permitted to come in, and be examined *pro interesse suo.* He is then permitted to go before the master and state his title, upon which he may have the judgment of the master, and ultimately, if necessary, that of the court."

With us the matter would be referred to the master for report on the facts constituting the claim of the party, upon which report the court would take proper action and make the proper decree, the master in our State not having the *quasi* judicial powers appertaining to that office in the court of chancery in England, the rule of which is given in the above extract from Judge Story.

Conceding all this, the question is, what is the remedy, and whether, under the facts of this case, the dignity of the court of chancery, within the same jurisdiction, can be asserted by an action in a common law court, by replevin, against a party having in fact and law the superior right to the possession of the property?

In the case of *Cagill* v. *Woolridge et al.,* 8 Baxt.,

580, we held that a receiver appointed by a court in Arkansas, who had shipped cotton taken possession of by him under the order of the court, to Memphis for sale—said shipment made in pursuance of the order of appointment—might, as against a party to that suit, who attached the property in Tennessee, maintain replevin in our courts and assert his right to the possession of the property. We have no doubt of the correctness of that holding. But it is seen from the opinion of Judge McFarland in that case, that he cautiously limits the ruling to the precise case in hand, saying that "beyond doubt this would give to the receiver against the parties to the litigation, and those claiming through them, a special property and right of possession that would maintain an action of replevin, and this right would not be lost by sending the property into the State": 8 . Baxt., 583.

But that is not this case. The defendants are not parties to the litigation in which the receiver was appointed, but judgment creditors, with an execution and a prior lien upon the property upon which it has been levied, and as such—the proceedings in chancery out of the way—have the superior title. It is not a proceeding in the chancery court to assert its jurisdiction, maintain its dignity, and punish by contempt a party who has infringed upon the rights and dignity of the court, but a party asserting in a court of law a superior right to the possession of the property, as against another who has himself appropriated it by virtue of a claim of right.

The duties and rights of a receiver in possession of property under the orders of a court are well stated by the Supreme Court of Maine, in the case of *Morrill et al.* v. *Noyes, receiver,* Am. Law Reg., vol. 3, p. 21: "After the receiver has taken possession of the property, any person claiming it or any interest therein, may present his claim to the court. He may be made a party to the suit in order to establish his claim, or he may, by express permission of the court, bring a suit for the possession, care being taken to protect the receiver. But the receiver will not be ordered to deliver the property to the claimant until his right is established in one of these modes. Nor can any claimant bring a suit against the receiver, except by leave of the court, without being liable for contempt, if the property is part of the subject-matter in controversy. For this is cited: 3 Dan. Ch. Pr., 1972; 7 Paige, 573, and other cases.

This is all clear and well settled law; but it is seen that all these authorities go on the theory that the court appointing the receiver is to vindicate its authority, and the remedy is by proceedings as for contempt against the party infringing upon its dignity. See, also, the case of *Day, etc.,* 34 Wis.; Am. Law Reg., 13 vol., 782. And so it was said by Chancellor Walworth in *Parker* v. *Browning,* 8 Paige, note to above case by Judge Redfield, that it was the established practice of a court of chancery, where the property is legally and properly in the hands of a receiver, to protect that possession, not

Conley & Harrison *v.* Deere, Mansure & Co.

only against acts of violence, but also against suits at law.

It is seen that this is stated, and correctly, too, to be a matter of chancery practice, and is the established rule for the action of that court.

But this does not sustain the proposition that it is the rule of law for the control of a court of law when a suit is brought in that court to assert the possessson of the receiver. It might well have been, had the case been presented by the receiver to the chancery court, and the party have gone into that court on his present claim, that court would have ordered the property delivered to the present claimants. In fact, it would have done so inevitably in this case on the facts of this record. We do not think a court of law should arbitrarily proceed to re-deliver the property to the receiver, when the defendants' superior right is so clear that it is certain the court of chancery would not have done so. In other words, that a court of law shall be called on to assert and vindicate the dignity and jurisdiction of the court of chancery in an action of replevin in a case like the present.

It is evident that the whole theory of plaintiffs rests on the assumption alone that the violation of the rights of the chancery court gives him a right of recovery in the law court. The law court is called upon to redress the wrong done to the jurisdiction and dignity of the co-ordinate court of equity. We do not think, in a case like this, that a legal right, as against one having a lien fixed on the

property, which he would have been able to maintain in the chancery court, can be sustained in a court of law. We confine our decision strictly to the case made in the record before us, deciding nothing as to the rights af a mere trespasser, or one who comes even in a court of law merely to subject the property to the payment of a debt, having no lien or legal priority fixed on the property by the judgment or process of a court of competent jurisdiction.

We need but add, that the contention of defendants, that the property was in *custodia legis,* or under the control of the law court, by virtue of the lien of the execution, could not be sustained. The facts simply gave a lien on the property, that is, a right of priority of appropriation in payment of his judgment as against a subsequent purchaser or holder during the existence of said lien.

The result is, that the judgment of his Honor is reversed, and judgment here for the defendants.