Jeanette H. Joseph, as Executrix of Philip Herzig, Deceased, Respondent, *v.* Simon Herzig, Individually and as Executor of Philip Herzig, Deceased, Appellant.

Executors and administrators — effect of decree settling accounts of an executor or administrator — partnership — surviving partner has no right to appropriate firm assets for his own use, although willing to pay the value thereof — effect of account stated between partners before death of one of them.

The effect of a judicial decree settling the accounts of an executor or administrator is defined by section 2742 of the Code of Civil Procedure, and under this provision it is only as to matters or items stated in the account that a decree is a conclusive adjudication against the parties.

A surviving partner has no right, in the absence of some provision in the partnership articles, to appropriate the firm assets for his own use, although he is willing to pay the value thereof. As to the estate of the deceased partner he is a trustee, bound to liquidate the partnership and dispose of its assets like other trustees. So far as he has disposed of or collected the assets, he must account for their proceeds. If, at the time of the accounting, any of the assets have not been disposed of, or if any partnership property subsequently comes into his hands, he is bound to account to the estate of the deceased partner for its share of what may be realized thereon.

In an action by the executor of a deceased partner against the survivor who was also an executor of decedent, judgment was demanded that the defendant account for the partnership property and good will. *Held,* that an accounting between the partners during the lifetime of the decedent is competent evidence as to the respective interests of the partners, but does not relieve the surviving partner from his liability to account as such; that an accounting had before the Surrogate's Court in which the items of good will of the business and firm name were not included, while not a complete defense, is a partial defense, and, so far as the assets of the partnership were the subject of account rendered by the defendant in Surrogate's Court, the decree of the surrogate is conclusive.

*Joseph* v. *Herzig,* 135 App. Div. 141, modified.

(Argued April 26, 1910; decided May 17, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 18, 1909, which reversed an inter-

locutory judgment of Special Term overruling a demurrer to the answer and sustained such demurrer.

The following questions were certified : " 1. Is the alleged defense contained in article 5 of the amended answer herein insufficient in law upon the face thereof ?   2. Is the alleged partial defense contained in article 6 of the answer herein insufficient in law upon the face thereof ?   3. Is the alleged defense contained.in article 7 of the answer herein insufficient in law upon the face thereof ?   4. Is the alleged partial defense contained in article 8 of the answer herein insufficient in law upon the face thereof ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold Nathan, David Leventritt* and *Abraham G. Meyer* for appellant.   The defense of an account stated is a good defense to this action.   (Story's Eq. Pl. § 798 ; Story's Eq. Juris. §§ 523, 526, 1524 ; 1 Daniel's Ch. Pl. & Pr. 666 ; *Heartt* v. *Corning,* 3 Paige, 566 ; *Lewis* v. *Loper,* 54 Fed. Rep. 237.)   The defense of an account stated is good as a partial defense.   ( *Whalen* v. *U. B. & P. Co.,* 130 App. Div. 313.)   The surrogate's decree settling the defendant's accounts constitutes a good defense.   ( *Outcalt* v. *Bonheur,* 120 App. Div. 168 ; *Eells* v. *Dumary,* 84 App. Div. 105 ; *Durst* v. *B. H. R. R. Co.,* 33 Misc. Rep. 124 ; *Carter* v. *E. W. Bank,* 33 Misc. Rep. 128 ; *S. I. R. R. Co.* v. *Hinchcliffe,* 34 Misc. Rep. 49 ; *Pascekwitz* v. *Richards,* 37 Misc. Rep. 250 ; *Matter of Hiscox,* 135 App. Div. 848 ; *Buckland* v. *Gallup,* 105 N. Y. 453.)   Where the executor is the sole surviving member of a firm composed of himself and decedent, the partnership accounting is within the jurisdiction of the Surrogate's Court.   (*Marre* v. *Ginochio,* 2 Bradf. 165 ; *Becker* v. *Lawton,* 4 Dem. 341 ; *Hannahs* v. *Hannahs,* 68 N. Y. 610 ; *Matter of Laney,* 50 Hun, 15 ; 119 N. Y. 607 ; *Matter of Dummett,* 38 Misc. Rep. 477 ; *Matter of Mertens,* 39 Misc. Rep. 512 ; *Matter of Stouvenel,* Tucker, 241 ; *Woodruff* v. *Woodruff,* 17 Abb. Pr. 165.)   The interest of a deceased

partner in the copartnership business is a single, entire and indivisible asset of the estate. The estate has not an interest in the separate and distinct assets of the copartnership. It has not an interest in the merchandise, an interest in the bills receivable, an interest in the good will. It has only an interest in the copartnership. The copartnership must be wound up and the interest of the copartners therein must be ascertained, and the asset of the estate is the amount of the indebtedness of the surviving partner to the estate, representing the interest of the deceased partner. When the defendant accounted in the Surrogate's Court he included in that account the interest of the deceased copartner and the decree therein was conclusive. (*Denton* v. *Sanford*, 103 N. Y. 607; *Blair* v. *Cargill*, 111 App. Div. 853; *Stiles* v. *Burch*, 5 Paige, 132; *M. L. Ins. Co.* v. *Schwaner*, 36 Hun, 373; 101 N. Y. 681; *Shimmel* v. *Morse*, 57 App. Div. 434; *Matter of Elting*, 93 App. Div. 516; *Matter of Soutter*, 105 N. Y. 514; *Matter of Hood*, 90 N. Y. 512; *Matter of Douglas*, 60 App. Div. 64; *Weintraub* v. *Siegel*, 133 App. Div. 677.)

*John A. Garver* for respondent. The defendant became a trustee of the estate of the deceased, not only because he qualified as an executor, but because he was the surviving partner. It is now well settled that, with reference to the estate of a deceased partner, a surviving partner is a trustee and is strictly accountable for his actions as such. (*Hooley* v. *Gieve*, 9 Daly, 104; 82 N. Y. 625; *Preston* v. *Fitch*, 137 N. Y. 41; *Russell* v. *McCall*, 141 N. Y. 437; *Bauchle* v. *Smylie*, 104 App. Div. 513.) The surrogate's decree is not a complete defense. An executor who obtains a decree passing his accounts is not relieved from liability for assets for which he has failed to account, even though all the parties interested in the estate were represented and did not object to the account. (*Wurts* v. *Jenkins*, 11 Barb. 546; *Brown* v. *Brown*, 53 Barb. 217; *Thorn* v. *Garner*, 42 Hun, 507; *Frethey* v. *Durant*, 24 App. Div. 58; *Matter of Peck*, 13 App. Div. 81; *Bank of Poughkeepsie* v. *Hasbrouck*, 6 N. Y.

216; *Fulton* v. *Whitney*, 66 N. Y. 548; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207.) As surviving partner, acting in a dual capacity, the defendant had no power to make any settlement of the partnership interest with himself as executor, on the well-recognized principle that the law will not permit a person to purchase property from himself, which he holds as trustee, nor to sell his own property to himself as trustee. (2 Pom. Eq. Juris. § 598; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Fulton* v. *Whitney*, 66 N. Y. 548; *Wetmore* v. *Porter*, 92 N. Y. 76; *Zimmerman* v. *Kinkle*, 108 N. Y. 282.) The plaintiff is entitled to an accounting of the partnership assets by the defendant, as surviving partner, even if it should be conceded, for the purpose of the argument, that there is nothing due to the estate from the partnership, and that the surrogate's decree relieved the defendant from any further accounting as executor; for, under the circumstances, it did not relieve him, and could not relieve him, from accounting in his entirely different trust capacity of surviving partner, because it is not pretended that the defendant's account as executor assumed to include the interest of the estate in *all* the partnership assets. (*Scott* v. *Pinkerton*, 3 Edw. Ch. 70; *Watts* v. *Adler*, 130 N. Y. 646; *Frethey* v. *Durant*, 24 App. Div. 58; *Seaward* v. *Davis*, 133 App. Div. 191.) The Surrogate's Court had no power to pass upon the liability of the surviving partner to the estate, until the affairs of the partnership had been settled, in a partnership accounting. (*Thomson* v. *Thomson*, 1 Bradf. 24; *Matter of Irvin*, 87 App. Div. 466.)

CULLEN, Ch. J. The plaintiff's testator and the defendant were at the time of the decease of said testator, and for a long time prior thereto had been, partners, importing and dealing in furs and skins. By the testator's will the plaintiff and the defendant were appointed executors thereof. The complaint alleges that on the death of the testator the defendant did not liquidate the affairs of the partnership, but continued its business; that the partnership name (Herzig

Brothers) and good will were of great value and that the defendant had appropriated them entirely to himself. Judgment was demanded that the defendant account to the plaintiff for the partnership property and good will; and that he be restrained from using the firm name unless he should purchase the interest of his partner's estate therein. In his answer the defendant pleaded, among others, two separate defenses: *1st.* That in December, 1902, prior to the death of the plaintiff's testator, the partners caused the accounts of the firm to be made and stated in the firm books, and the balance to be ascertained and struck, by which it appeared that a certain sum was due to the testator and a certain amount due to the defendant, which were specifically set forth. The allegations of this defense were repeated as a partial defense. *2nd.* It is alleged that an accounting before the surrogate by the defendant as executor of his deceased partner's will was had, in which the defendant charged himself with all moneys received from himself as surviving partner in the said firm to the time of the filing of said account, " and with all moneys collected at the time of the filing of account on the indebtedness of the defendant, as surviving partner in said firm, to the said estate of Philip Herzig, deceased, said moneys amounting to the sum of $120,615.99 ; " that the account was judicially settled, and by a decree of the surrogate it was " conclusively established that the money charged to the defendant as such executor as collected was all that was collectible at the time of the settlement on said indebtedness of the defendant as surviving partner of the estate of said decedent." These allegations were also repeated as a partial defense.

To these defenses the plaintiff demurred. The demurrer was overruled at Special Term. That judgment was reversed by the Appellate Division and the demurrer sustained. An appeal has been allowed to this court by the Appellate Division, which court has certified to us the question whether such defenses are insufficient in law on the face thereof.

That the accounting alleged to have taken place between the

partners in December, 1902, was neither a complete nor partial defense to the action seems to us very clear. The plaintiff did not demand that the defendant account for the business of the partnership either from its inception, or from any other period during the life of her deceased. Hence the case of *Weed* v. *Smull* (7 Paige, 573) is not in point. She demanded that the defendant account only for the partnership property that had passed to him as surviving partner on the decease of her testator. Doubtless the account stated between the partners in 1902 would be competent evidence on the accounting of the respective interests of the partners, but it would nowise relieve the defendant from his liability to account as surviving partner.

As to the sufficiency of the second defense — the accounting before the surrogate and his decree thereon — as a complete defense to the action. The complaint charged that the defendant had appropriated to himself the good will and firm name of the partnership. This defense did not put in issue the allegation that such good will and the use of the firm name were partnership assets, nor that in any amount realized for them the estate of the plaintiff's testator was entitled to share. That proposition is settled by the decision of this court in *Slater* v. *Slater* (175 N. Y. 143). The effect of a judicial decree settling the accounts of an executor or administrator is defined by the Code (§ 2742). " A judicial settlement of the account of an executor or administrator, either by the decree of the Surrogate's Court, or, upon appeal therefrom, is conclusive evidence, against all the parties who were duly cited or appeared * * * that the money charged to the accounting party, as collected, is all that was collectible, at the time of the settlement, on the debts stated in the account." Under this provision it is only as to matters or items stated in the account that the decree is a conclusive adjudication against the parties. (*Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207 ; *Wurts* v. *Jenkins*, 11 Barb. 546.) That the items of good will and firm name were not so included is conceded. The learned counsel for the defendant seeks to answer this

objection to the conclusiveness of the surrogate's decree by the contention that the liability of the defendant as surviving partner was analogous to that of a single debt or claim, the determination of which by the judicial decree at a certain amount would necessarily exclude the debtor from being liable for any greater amount. This is an erroneous view. A surviving partner has no right, in the absence of some provision in the partnership articles, to appropriate the firm assets for his own use, although he is willing to pay the value thereof. As to the estate of the deceased partner he is a trustee, bound to liquidate the partnership and dispose of its assets like other trustees. So far as he has disposed of or collected the assets, he must account for their proceeds. If, at the time of the accounting, any of the assets have not been disposed of, or if any partnership property subsequently comes into his hands, he is bound to account to the estate of the deceased partner for its share of what may be realized thereon.

But though the defense failed as a complete defense, it was good as a partial one, and, so far as the assets of the partnership were the subject of account rendered by the defendant in Surrogate's Court, the decree of the surrogate would seem conclusive. At common law the appointment of a debtor as executor of a will released all claims held by the testator against him. This rule was repealed by the Revised Statutes (2 R. S. 84, § 13), which enacted that an executor of an estate must account for all debts due from him " as for so much money in his hands," and must "apply and distribute the same in payment of debts and legacies." (*Baucus* v. *Stover,* 89 N. Y. 1.) This provision is now found in section 2714 of the Code of Civil Procedure. As the executor or administrator is to account in the Surrogate's Court for the debt as an asset of the estate, it is apparent that the amount of the debt, if in dispute, must necessarily be adjudicated by the surrogate, and it seems that the decree of the surrogate is conclusive against the surety, unless he shows that the administrator was insolvent or unable to pay. (*Keegan* v. *Smith,* 60 App. Div. 168; affd., 172 N. Y. 624.) Therefore, as to

the matters stated and included in the defendant's account as executor, he is entitled to the protection of the decree rendered by the surrogate.

The order of the Appellate Division should be modified so as to reverse that portion which reversed the interlocutory judgment of the Special Term overruling the demurrer to the second defense pleaded as a partial defense. In all other respects the order of the Appellate Division should be affirmed, without costs in this court to either party ; the first three questions should be answered in the affirmative, and the fourth in the negative.

GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur. Ordered accordingly.