NORA HOMEWOOD ET ALS. *vs.* EDWARD O'NEILL, EXECUTOR, (ESTATE OF MARY G. FOLEY).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 8th, 1931—decided January 26th, 1932.

*John V. O'Brien,* for the appellant (defendant).

*David J. McCoy,* with whom was *Harold C. V. Eagan,* for the appellees (plaintiffs).

MALTBIE, C. J. The reasons of appeal in this case attack the proper execution of the will in question and the soundness of the testatrix's mind, and claim that undue influence was exercised upon her. The verdict for the contestants was general and if sustainable upon

any one of these issues it must stand. Whatever conclusion we might reach upon the first issue, we cannot say that the jury might not reasonably have brought in the verdict they did upon the second or third, and there was no error in the ruling of the trial court in refusing to set that verdict aside.

The trial court charged the jury comprehensively and fully upon the issues involved, with unusual clarity. The various objections to the charge or to the failure of the trial court to give certain requests afford no ground for a new trial and with one exception justify no discussion. At the same time the will was executed, the testatrix made a written agreement with the two beneficiaries named in it as her sole legatees, by which, in consideration of their agreement to provide a home for the testatrix and to afford her a Christian burial and to cause masses to be said for the repose of her soul, she agreed to draw the will involved in this appeal, a copy of which was referred to as attached to and made a part of the agreement. The only reference to the agreement in the charge is a statement that while it might be perhaps of some evidential value upon the issues of the case it did not form the real basis of the controversy. The only request made by the executor for a charge in regard to the agreement was that the jury might consider it upon the issue of undue influence. The charge as given was a substantial compliance with the request. But, that aside, the situation here presented was very different from one where a will is made in pursuance of an earlier agreement for the support of the testator, executed under other circumstances than was the will. Here it was a part of the same transaction, and under the circumstances of this case, and in view of the executor's request to charge, the failure of the court to go further into the matter cannot be found to be error.

The general objection to the examination, by the appellees, of the attorney who drew the will, called as their witness, that it was cross-examination, was not well taken; if any questions were subject to this objection, it should have been addressed to them; it could not be said that all the examination was within the characterization applied to it. The assumption, in the cross-examination of the appellant's witness Mrs. McGuire, that the beneficiaries had been in Ireland six years before seems not to lack support in the evidence, even though it also appears that they had been in this country at some earlier period. A question put to the physician who attended the deceased in her last illness was objected to as calling for his opinion upon the very issue in the case, whether the testatrix had sufficient mental capacity to make the contract and will, but any error in admitting it is obviated by the generality of his answer, that he was in grave doubt whether she could be entirely cognizant of what she was doing. The testimony offered as to the execution by the testatrix of a general power of attorney in favor of one of the beneficiaries two days after the will was executed and two days before the testatrix died, of the doings of this beneficiary under that power, of her withdrawals of money which the testatrix had in savings banks and of the payment of bills with it after the testatrix's death was properly admitted; it was relevant to the claim of the appellees that the beneficiaries under the will were engaged in a scheme to get for themselves all the property of the testatrix, in violation of the rights of her blood relatives who were the natural objects of her bounty. There is no rule of law which excludes facts or circumstances relevant to the issue of undue influence merely because they occur after the death of a testator; for example, acts or statements of the person charged with exerting such influence in the

nature of admissions would clearly be admissible. Other rulings upon evidence do not merit discussion.

There is no error.

In this opinion the other judges concurred.