CLARA K. STEINMETZ (ESTATE OF FREDERICK W. STEIN-
METZ) *v.* HARRY G. STEINMETZ.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 5—decided June 8, 1939.

*George E. Beers* and *William L. Beers,* for the appellant (plaintiff).

*John R. Deming,* for the appellee (defendant).

HINMAN, J.  Since about 1928 Frederick W. Steinmetz and Harry G. Steinmetz, brothers, conducted the business of building and repairing machinery at East Portchester in Greenwich under the name of the Steinmetz Machine Works.  In 1931 they entered into articles of partnership which included provision that should either partner die during the term of the partnership it should not be deemed dissolved but the assets should pass to the surviving partner, subject, however, to the condition that he should pay to the widow of the deceased partner, so long as she remained single, $50 per week, and in the event that he should deem it advisable to sell the business and property during the life of the widow and while she is single, he should pay over to her one-half of the net profits of the sale.  It was also agreed that the parties should execute reciprocal wills in accordance with these terms and conditions.  Frederick W. Steinmetz died December 28, 1935, leaving a will, of which his widow is executrix, giving his brother his undivided one-half interest in the partnership business and assets, subject to conditions like those in the partnership agreement.  Since his death Harry G. Steinmetz has continued and conducted the business, and has paid Frederick's widow the $50 per week provided in the agreement.  In addition to

the partnership real estate in Greenwich, Harry and Frederick owned a farm in the Catskill mountain region in New York.

In 1936 Frederick's widow, Clara K. Steinmetz, individually and as executrix, brought this action against Harry alleging, inter alia, the foregoing facts, which are undisputed, and that the defendant threatens to sell the business without properly safeguarding the rights of the plaintiff, and claiming an accounting of the condition of the business, an injunction against the proposed sale, and damages. A stipulation preserving the status quo was entered into and eventually the defendant filed, in addition to an answer, a cross-complaint alleging an intention to sell the partnership assets and claiming a declaratory judgment determining whether all the real and personal property (including the farm) constituted assets of the partnership and as such passed to the defendant under the partnership agreement and under the will, subject to the specified conditions, and whether he has power to sell the property so passing at either public auction or private sale, and to accept a purchase money mortgage as part payment.

The case was referred to a committee who, after hearing evidence, made report determining that the farm, as well as the Greenwich real estate, constitutes partnership assets which, together with the personal property owned and used by the partnership at the time of the death of Frederick, passed to the defendant under the agreement and the will, subject to the conditions contained therein. A remonstrance against the finding by the committee that the farm is a partnership asset was overruled by the Superior Court, and judgment was eventually entered that the defendant is the owner of all of the real estate and personal property, subject to the conditions contained in the part-

nership agreement and that he has the right to sell it either at private sale or at public auction and to accept a purchase money mortgage as part payment thereof; "but that any sale must be conducted in the utmost good faith; that the defendant is charged with the duty and obligation of conducting the sale in such a manner as shall fully protect the widow; . . . in conducting the sale must be careful and considerate of the widow's interest; and that he must not directly or indirectly bid [the property] in at less than its fair market value." The plaintiff assigns error in adjudging the farm to be partnership property; in not including in the judgment provision that the sale of the property be under the direction of the court and subject to its approval; in not making adequate provision therein for the protection of the plaintiff; and in failing to declare that the defendant may not himself purchase the property.

As to the ownership of the farm, while the title stood in the names of the partners individually (as did that of the Greenwich real estate concerning which no question is made) the committee found, with adequate support from evidence, that it was purchased with partnership funds, the original investment and subsequent disbursements for improvements and expenses appear in a "Farm Account" in the partnership books, and in most cases the taxes were paid by the partnership and were claimed as deductions in the partnership income tax returns. These indicia are enough to evince an intention to acquire and hold the farm as partnership property. While the fact that a partnership exists between parties in whose names the title to real estate stands will not of itself prevent them from being regarded as tenants in common therein (*Sigourney* v. *Munn*, 7 Conn. 11, 18), much depends upon their understanding and intention; circumstances such

as purchase with partnership funds, and the course of their conduct and dealings, such as the carrying of income or expenses in the partnership accounts, are significant and may be determinative of status as a partnership asset. *McKinnon* v. *McKinnon,* 56 Fed. 409, 413; *Johnson* v. *Hogan,* 158 Mich. 635, 651, 123 N. W. 891; *Fairchild* v. *Fairchild,* 64 N. Y. 471, 477; *Providence* v. *Bullock,* 14 R. I. 353; 47 C. J. 760; 1 Rowley, Modern Law of Partnership, §§ 282, 283. There is no error in this respect.

The report of the committee indicates that the issues tried were those only which were raised upon the cross-complaint and the record expresses an understanding of the trial court that the judgment was to be confined to those issues and the judgment, following the defendant's prayers for relief, determined as to the title to the property and the defendant's right to sell it and to take a purchase money mortgage. In the memorandum of decision the trial court also added an admonition as to the good faith and consideration for and protection of the widow's interest incumbent upon the defendant in conducting a sale, which was embodied in substance, as above quoted, in the judgment as finally entered. The memorandum also indicated the desirability of the parties agreeing upon the details of the preliminaries to and the conduct of a sale and the terms thereof and that the sale be subject to the approval of the court, and invited the making and submission of such an agreement, pending which judgment was withheld. There then ensued what the trial court describes as "prodigious correspondence and lengthy conferences to work out an acceptable plan" and to embody it in a judgment file, which, owing to inability of the parties to come to an agreement as to certain admittedly important points, "resulted in a complete deadlock." Therefore the court was justified in concluding that

the only course open to it was to limit the provisions of the judgment to the prayers for relief and acted accordingly. The scope of the pleadings and the proceedings upon them were not such as to warrant the court in including in the judgment provisions assuming control over the property or the sale, and the terms and manner thereof, or making it subject to approval of the court, at least without agreement and stipulation by the parties which would foreclose both from complaining of such inclusion. *Weil* v. *Poulson,* 121 Conn. 281, 289, 184 Atl. 580.

While the principal contention of the plaintiff is that the judgment is not as comprehensive as he claims it should be, error also is assigned as to the included provision that the defendant must not directly or indirectly bid in the property at less than its fair market value, which imports that, with this restriction, he, although the surviving partner, might become the purchaser of the partnership property. A surviving partner holds the assets as a quasi trustee for the estate of the deceased partner. *Casey* v. *Hurley,* 112 Conn. 536, 538, 152 Atl. 892. Therefore he cannot speculate upon the partnership property for his own advantage and in disregard of the interests of or under the deceased partner. It is generally held that if he acts with the high degree of good faith which is required by the former partnership relation and his fiduciary relationship to the estate of the deceased partner, he may validly purchase the interest of the latter. 2 Rowley, Op. Cit., p. 856; 47 C. J. 1067; *Didlake* v. *Roden Grocery Co.,* 160 Ala. 484, 491, 49 So. 384, 22 L. R. A. (N. S.) 907; *Malden Trust Co.* v. *Brooks,* 276 Mass. 464, 471, 177 N. E. 629, 80 A. L. R. 1028, 1033, and cases in note, p. 1034; *Valentine* v. *Wysor,* 123 Ind. 47, 55, 23 N. E. 1976. The few pertinent cases evince a less favorable attitude toward pur-

chase of the partnership property by the surviving partner at a sale by him or in his behalf. Some hold definitely that a surviving partner cannot validly buy the property of the firm at his own sale, either directly or indirectly, whether the attempt be made by means of public auction or private sale, and regardless of adequacy of the purchase price, his duty as seller and his interest as purchaser being held to be in irreconcilable conflict. *Valentine* v. *Wysor,* supra, 55; *Mosher* v. *Lee,* 32 Ariz. 560, 570, 261 Pac. 35; *Joseph* v. *Herzig,* 198 N. Y. 456, 462, 92 N. E. 103; *Kimball* v. *Lincoln,* 99 Ill. 578, 585; Parsons, Partnership (3d Ed.) *p. 442; 47 C. J. 1068. The most liberal view entertained is that if the surviving partner attempts to take over the partnership business by selling the property to himself or to someone acting for him the transaction is voidable by or at the instance of the representative of the deceased partner. *Didlake* v. *Roden Grocery Co.,* supra, 490; *Rowell* v. *Rowell,* 122 Wis. 1, 11, 99 N. W. 473; Crane, Partnership, p. 379; see also *Dewey* v. *Chapin,* 156 Mass. 35, 37, 30 N. E. 223. Therefore the inclusion in the judgment of the provision which impliedly authorizes the defendant to purchase absolutely, although at not less than the fair market value of the property, is unwarranted in law. In this, only, there is error.

There is error in the form of the judgment only and the case is remanded to the Superior Court with direction to amend the judgment by eliminating the provision that the defendant "must not directly or indirectly bid [the property] in at less than its fair market value."

In this opinion the other judges concurred.