CLARA K. STEINMETZ *v.* HARRY G. STEINMETZ.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and INGLIS, Js.

Argued February 5—decided May 8, 1941.

*George E. Beers* and *William L. Beers,* for the appellant (plaintiff).

*John D. Walker,* with whom, on the brief, was *Matthew E. Hanna, Jr.,* for the appellee (defendant).

JENNINGS, J. The plaintiff is the surviving widow of the deceased partner in a machine shop business known as the Steinmetz Machine Works. The latter was a brother of the defendant. The partnership agreement provided that on the death of one of the two partners, the survivor should carry on the business subject to the obligation of paying the widow of the deceased partner $50 each week. It also gave the surviving partner the right to sell the business if he deemed it advisable. If this sale took place during the life of the widow and while she was still single, one-half of the net profits resulting from the sale of all of the real and personal property jointly owned by the partners in connection with the business was to be paid to her. These parties have been engaged in litigation since 1936. Previous reviews of their activities appear in two cases between the same parties, reported 125 Conn. 663, 7 Atl. (2d) 915, and id. 735, 7 Atl. (2d) 918. The general background of the case is fully described in the former opinions and need not be repeated here. The partnership property was sold by the defendant and the present controversy concerns the terms and effect of that sale.

The complaint was in two counts. The first count alleged that there was no real sale and that the widow was entitled to the present value of the weekly pay-

ments of $50 which she had been receiving under the agreement prior to the sale. The second count alleged that, assuming the sale had been made, it was improvident and brought an entirely inadequate price. The case was tried to the jury who rendered a general verdict for the defendant and the assignments of error are directed to the refusal of the requests to charge and to the charge as made.

In addition to the facts recited in the former opinions to which reference has been made, the plaintiff offered evidence to prove and claimed that she had proved the following facts: The surviving partner, H. G. Steinmetz, sold only the tangible real and personal property used in connection with the partnership business on July 26, 1939. He notified the plaintiff that as of that date he would cease the $50 weekly payments which had theretofore been made. The value of the plaintiff's right to receive these payments from the defendant during her widowhood was in excess of $30,-000 at that time. The motive of the defendant in making this sale was to get rid of his obligation to make these payments.

Prior to the sale the defendant circularized the trade and engaged in negotiations with reference to the sale. In none of these notices or negotiations, however, did he agree to refrain or state that he would refrain from conducting a competing business under a similar name nor was the business offered for sale with a safeguard to the purchaser against competition by the defendant. Shortly after the sale, the defendant advertised that "The H. G. Steinmetz Machine Works will be located at 14-16 Willet Avenue, Port Chester—Effective Monday, July 31, 1939," proceeded to do business at the location indicated which was about half a mile from the former business of the Steinmetz Machine Works and put up a sign reading "H. G. Steinmetz Machine

Works." The value of the good will of the Steinmetz Machine Works, properly safeguarded to protect from competition on the part of the defendant, was in excess of $17,000 beyond the amount of the value of the tangible assets. The sale was for $12,000 payable $2000 in cash and the balance over a period of ten years. Such efforts to sell as were made were not genuine efforts to dispose of the business but efforts to sell the tangible property only, leaving the defendant free to compete.

The defendant offered evidence to prove and claimed that he had proved the following facts: Payments to the plaintiff by the defendant under the agreement referred to from December 28, 1935, to July 26, 1939, totaled over $9000. After the death of his partner the defendant devoted his entire time to the business and in spite of working nights, Saturdays and Sundays determined that if he had to continue these weekly payments, he would be forced into bankruptcy.

In July, 1937, the defendant deemed it advisable to sell the business and notified the plaintiff of his decision to do so. He made every effort to secure the co-operation of the plaintiff but the latter by attachment and the suit for an injunction above referred to, held the matter up for nearly two years. After the decision of the previous appeal in June, 1939, the defendant again commenced his efforts to make an advantageous sale under the terms of that decision and again sought the co-operation of the plaintiff, without success. The best offer obtained was one of $12,000 from Edward E. Weed who had been engaged in the same business in East Port Chester. Again the plaintiff was notified that unless a better offer could be obtained the sale would be made, and no reply having been received, the transaction was closed on July 26, 1939. The sale included the real estate, tangible personal property and

good will of the business. Within a month of the sale the purchaser made a written offer to resell at the same price which he paid to Mr. Steinmetz or any one else, which price was later reduced. The sale was made in good faith and included everything that could be sold.

The plaintiff's brief considers the questions raised by this appeal under three heads. Under the first and third she claims that, under the partnership articles, the surviving partner cannot get rid of future payments to the widow by selling the tangible assets and continuing to do business in the same line and in the same neighborhood. The trial court submitted to the jury the question whether or not the sale included the good will of the business. It is true that the conveyance to the purchaser of the real estate and tangible personal property took the form of a deed, which is annexed to the finding, and this does not mention the good will; but such an instrument does not necessarily state the agreement of sale in the accomplishment of which it is executed. *Anderson* v. *Colwell*, 93 Conn. 61, 65, 104 Atl. 242; *Preleski* v. *Farganiasz*, 97 Conn. 345, 350, 116 Atl. 593. There is no other evidence before us which would show, as matter of law, that the sale did not include the good will, and we cannot, therefore, assume that it did not. If it appeared among the plaintiff's claims of proof that, previous to the sale, the defendant had let it be known that he proposed, after it was made, to establish a competing business in such a way as to affect the price which might be realized, it might well be that the trial court should have charged the jury that a sale under such circumstances was one which did not comply with his obligations to the plaintiff, but the plaintiff does not claim to have proved this. The fact that after the sale he established a similar business near that which he had sold, might give rise to a controversy between him and

the purchaser; see *Cottrell* v. *Babcock Printing Press Mfg. Co.*, 54 Conn. 122, 139, 6 Atl. 791; 5 Williston, Contracts (Rev. Ed.) § 1640; but in itself this would not show that the defendant did not act properly. The trial court in its charge specifically left it to the jury to determine whether the defendant acted in good faith and with reasonable diligence and obtained the best price he could. If the plaintiff had desired a specific charge as to the duty of the defendant to safeguard the good will of the business, she should have requested it. Conn. App. Proc., § 65, p. 91. The contentions of the plaintiff, when considered in the light of the facts she claimed to have proved, failed to show that the instructions were not correct and adequate for the guidance of the jury.

The second claim concerns the computation of the damages. Since the jury never reached the question of damages it is unnecessary to consider this assignment of error. *Borucki* v. *MacKenzie Bros. Co., Inc.*, 125 Conn. 92, 103, 3 Atl. (2d) 224.

There is no error.

In this opinion the other judges concurred.