## George Mims *v.* Frank J. Kingsley

Wynne, C. J., Baldwin, Daly, King and Murphy, Js.

Argued December 4, 1957—decided January 14, 1958

*Francis B. Tierney* and *Michael J. Quinn,* with whom, on the brief, was *John J. Philbin,* for the appellant (plaintiff).

*Martin E. Gormley,* with whom, on the brief, were *Charles G. Albom* and *Kevin T. Gormley,* for the appellee (defendant).

DALY, J.   The plaintiff brought this action to recover damages for personal injuries alleged to have been caused to him by the defendant's negligence. By his answer the defendant denied the allegation that he was negligent and that his negligence was a proximate cause of the plaintiff's injuries. The defendant alleged, also, that the plaintiff was guilty of contributory negligence. The case was tried to the jury, who returned a verdict for the defendant. The court denied the plaintiff's motion to set it aside. The plaintiff appealed from the judgment.[1]

In his first assignment of error the plaintiff claims that the court erred in denying his motion to set the verdict aside, contending that the verdict is not supported by the evidence. The jury could reasonably have found the following facts: Dixwell Avenue in New Haven runs north and south. Henry Street runs east and west and intersects Dixwell Avenue. There is an overhead traffic signal at the center of the intersection. The phases of the colored lights of the signal are green, amber and red and then from red to green. On October 6, 1953, in the evening, it was raining heavily. The defendant was operating his automobile in a westerly direction on Henry Street at a speed of approximately twenty miles per hour. The plaintiff was operating his automobile in a southerly direction on Dixwell Avenue. As the defendant approached Dixwell Avenue the signal light was green

---

[1] On October 2, 1956, we granted a motion to amend the wording of the appeal to read: "In the above-entitled action, the plaintiff appeals to the Supreme Court of Errors from the judgment rendered therein."

for westbound traffic. When his automobile arrived at the easterly crosswalk, the light turned to amber. At that time the plaintiff drove his automobile into the intersection from the north, although the signal light was red for southbound traffic. The defendant applied the brakes of his car. It skidded and its right headlight hit the left front fender of the plaintiff's automobile.

A verdict must prevail unless it is unsupported by the evidence or is so palpably against the evidence as to indicate prejudice, partiality, corruption, confusion or lack of understanding by the jury. The conclusion of the jury on issues of fact, if it is one which honest men acting fairly and intelligently could reasonably arrive at, must stand. The credibility of each witness and the weight to be accorded his testimony are for the jury. The evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. Since, upon the evidence, it cannot be said that as a matter of law the defendant was negligent or the plaintiff free from contributory negligence, the denial of the motion to set aside the verdict was correct. *Gennallo* v. *Mazzacane,* 144 Conn. 686, 688, 137 A.2d 534.

Dr. Steven P. Magyar, an expert medical witness for the plaintiff, testified that he had examined the plaintiff on December 10, 1953. On cross-examination, he testified that, on August 22, 1955, he referred the plaintiff to Dr. Lycurgus Davey, a neurologist, for examination, treatment and report. Dr. Magyar was asked whether his treatment of the plaintiff thereafter was based on advice given by Dr. Davey. The plaintiff objected on the ground that the question did not indicate whether the treatment referred to was for injuries sustained by him as a re-

sult of the collision on October 6, 1953, or for injuries incident to an occurrence on June 24, 1955. The objection was overruled. As the assignment of error in this connection is not pursued in the plaintiff's brief, we construe it as abandoned. *Somers* v. *Hill,* 143 Conn. 476, 480, 123 A.2d 468; *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 547, 115 A.2d 460.

In another assignment of error the plaintiff contends that the court erred in overruling his objection to Dr. Magyar's reading aloud a report made to him by Dr. Davey and in denying the plaintiff's motion that the contents of the report be stricken from the record. The ground of objection was the same as the reason stated in the motion, namely, that the reading of the report constituted hearsay evidence. The plaintiff now contends that the reading of it constituted inadmissible hearsay so far as the report bore upon his own credibility as a witness on the issue of liability. Since it is not now contended that the report was inadmissible in toto and for all purposes, the general objection that it was hearsay was not sufficient to raise the point the plaintiff now wishes to make. See *Homewood* v. *O'Neill,* 114 Conn. 247, 249, 158 A. 233; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346. Of course, the court's permitting the reading of the many portions of the report apposite to the issue of the injuries sustained by the plaintiff could not have been harmful, since the jury, who returned a verdict for the defendant, never reached the question of damages. *Steinmetz* v. *Steinmetz,* 127 Conn. 700, 705, 20 A.2d 453.

There is no error.

In this opinion the other judges concurred.