■ In the Matter of the Probate of the Will of HARRY GOLDMAN, Deceased. HANNAH GOLDMAN, Appellant; HERBERT GOLDMAN, Respondent.— Appeals by decedent's widow (1) from an order of the Surrogate's Court, Kings County, granting a motion to dismiss her objections to the appointment of respondent as executor, (2) from an order of said court denying her cross motion, *inter alia,* to be appointed executrix, and (3) from so much of a decree of said court admitting the will to probate as directs the issuance of

letters testamentary to respondent. Orders reversed, without costs, motion to dismiss objections denied, and motion to be appointed executrix remitted to the Surrogate's Court for further proceedings as hereinafter indicated. Decree modified by striking from the decretal paragraph everything following the word "recorded". As so modified, decree insofar as appealed from affirmed, with costs to appellant and respondent payable out of the estate, and proceeding remitted to the Surrogate's Court for further proceedings as hereinafter indicated. No hearing was held on appellant's charges that several sons of the decedent by a prior marriage, among them the respondent, had been in several partnerships with the decedent, had filed shortly after decedent's death new partnership certificates in which the interest of the estate in the assets was not stated, and had transferred the assets of the prior partnerships to the new partnerships, in violation of law. Nor does it appear whether the partnership agreements to which the decedent was a party authorized his sons, should they survive him, to continue the businesses. In the circumstances, a hearing should be held to resolve the question whether respondent is competent to serve as an executor (Surrogate's Ct. Act, § 94, subd. 5; *Joseph* v. *Herzig*, 198 N. Y. 456, 462). Wenzel, Acting P. J., Murphy and Hallinan, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to affirm the orders and to affirm the decree, insofar as appealed from, without modification, with the following memorandum: The decedent's choice of executor should be respected, and we do not think it should be presumed that respondent will not properly account for the assets of the estate.