PATRICIA DOMENICK ET AL. *v.* WILBERT BURIAL VAULT COMPANY, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 8—decided March 16, 1962

*Howard A. Jacobs,* for the appellants (plaintiffs).

*Kevin T. Gormley,* for the appellees (defendants).

BALDWIN, C. J. In this appeal, the plaintiffs have pursued in brief and oral argument only the errors assigned in the finding and the charge to the jury. Other errors assigned are considered as having been abandoned. Maltbie, Conn. App. Proc. §§ 167,

327. Certain additions to the finding which are supported by the evidence and are material to a consideration of the plaintiffs' claims of error in the charge have been made. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 93, 98 A.2d 664; Maltbie, op. cit. § 160.

The plaintiffs' claims of proof, as thus corrected, may be stated in summary as follows: About noontime on December 31, 1956, the plaintiff Patricia Domenick, driving her husband's Studebaker sedan in a westerly direction on North Main Street in Branford, was approaching the intersection with Ivy Street. Although the surface of the highway was covered with mud and water, the weather was clear and visibility was good. North Main Street consisted of two concrete lanes, each ten feet wide, and was substantially level. Double solid white lines in the middle of the street ran from about 100 feet east of the Ivy Street intersection through that intersection and beyond it. Five hundred feet east of the intersection there were clearly visible signs placed by the state traffic commission; one indicated the intersection, and another carried the legend "No Passing." When Patricia was 200 feet east of the intersection, she indicated by the mechanical signaling device on her car that she intended to make a left turn into Ivy Street. As she entered the intersection, she slowed down to five miles an hour. Behind her, a truck owned by the named defendant was being operated by its employee, the defendant Frederick Parris. Without warning, Parris crossed the double white lines into the left lane and attempted to pass the plaintiffs' automobile as it started to turn left into Ivy Street. The two vehicles collided and Patricia sustained serious personal injuries. The defendants' negligence was the proximate cause of the collision.

The defendants claimed to have proved the following: Extending in an easterly direction from a point 100 feet east of the intersection, there was a broken white line in the middle of North Main Street. Parris had started to pass the plaintiffs' automobile before he reached the double solid white lines which began, 100 feet east of the intersection, where the broken line ended. Patricia failed to keep a reasonable lookout to the rear before she turned into Ivy Street. She signaled her intention of making a left turn simultaneously with her turning and while the truck was alongside her automobile, so that her signal could not be seen by Parris. The left front of the plaintiffs' car struck the right rear of the truck as it was passing. The proximate cause of the collision was contributory negligence.

The plaintiffs claim that the trial court erred in failing to charge the jury specifically with respect to the statute, § 1386d of the 1955 Cumulative Supplement (presently General Statutes § 14-234), which authorized the state traffic commission to determine "no-passing" zones and required operators of motor vehicles to observe them. The complaint contained ten separate and distinct allegations of negligence, including allegations that Parris failed to obey the directions of the "No Passing" sign and the white lines and that he drove the truck to the left side of the highway as he approached within 100 feet of the intersection. The court in its charge read all the allegations in the complaint which set forth the grounds of negligence claimed. It then charged that a violation of a statute prescribing certain conduct in the operation of a motor vehicle would constitute negligence which, if it proximately caused the plaintiffs' injuries, would be actionable negligence. After calling the jury's attention to the

statute relating to speed (then Rev. 1949, § 2407, presently General Statutes § 14-219) and the statute on reckless driving (then Rev. 1949, § 2408, presently General Statutes § 14-222), and after reading pertinent portions of those statutes to the jury, the court also called their attention to § 1385d of the 1955 Cumulative Supplement (presently General Statutes § 14-235), and read from that statute as follows: "No vehicle shall be driven to the left side of the highway . . . when approaching within one hundred feet of or crossing any intersection . . . ."

Under our rules, any party who intends to claim the benefit of a specific statute must file a written request to charge on the legal principle involved. Practice Book § 153; *Lowell* v. *Daly*, 148 Conn. 266, 269, 169 A.2d 888. The plaintiffs filed no request to charge on § 1386d or any other statute. If the plaintiffs had intended to claim the benefit of § 1386d, they should have filed, in due time, a request to charge which explained the meaning of the section and its application to the claims of proof. *Lowell* v. *Daly*, supra. Section 1386d concerned the placing of "no-passing" signs and markings by the state traffic commission and required that they be obeyed. From the claims of proof, it appears to be conceded that Parris turned onto his left-hand side of the highway to pass the plaintiffs' car as both cars approached the intersection. In the absence of a specific request to charge, error cannot be predicated on the court's failure to charge on § 1386d. Under the circumstances, a charge which instructed the jury to consider the application of § 1385d, forbidding the operation of a motor vehicle on the left-hand side of the highway within 100 feet of an intersection or while the vehicle is passing through the intersection, was proper and adequate guidance on

this particular issue. *Borsoi* v. *Sparico,* 141 Conn. 366, 372, 106 A.2d 170; *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875; Maltbie, Conn. App. Proc. § 76.

The plaintiffs claim error because the court, in its charge on contributory negligence, called the attention of the jury to statutory requirements governing the conduct of a motor vehicle operator at intersecting highways and in giving signals of an intention to make a turn. See Cum. Sup. 1955, §§ 1393d, 1394d, 1395d (presently General Statutes §§ 14-241, 14-242, 14-244). The reason advanced by the plaintiffs is that these statutes were outside the scope of the pleadings. In a special defense of contributory negligence, the defendants alleged that Patricia failed to use the care of a reasonably prudent person under the circumstances, failed to keep a proper lookout and "failed to operate the . . . automobile in such a manner as to prevent the same from coming into collision" with the defendants' vehicle. The plaintiffs did not try to have this pleading made more specific. Practice Book § 59. Under these allegations and the supporting claims of proof, reference to the statutory law governing the operation of a motor vehicle turning left at an intersection was adapted to the issues and proper for the guidance of the jury. *Lopes* v. *Connecticut Light & Power Co.,* 145 Conn. 313, 315, 142 A.2d 135; *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 254, 113 A.2d 361. It was not error for the court, suo motu, to charge on the applicable statutes.

The plaintiffs complain that the court, in the last portion of the charge on contributory negligence, stated that if Patricia was chargeable with contributory negligence she could not recover, but

failed to add that, to prevent recovery, her negligence must be found to be a proximate cause of the injuries alleged. "A charge must be read and considered in its entirety." *Salvatore* v. *Hayden,* 144 Conn. 437, 442, 133 A.2d 622. The matter of proximate cause and its relation to the defendants' claim that the plaintiffs were chargeable with contributory negligence had been adequately presented in earlier portions of the charge. See *Steinecke* v. *Medalie,* supra. There is no merit in an alleged error predicated on an isolated portion of a charge when the charge as a whole adequately covers the matter of which complaint is made.

The plaintiffs also claim error in the court's charge with respect to the inference to be drawn from their failure to produce Dr. Carpinella as a witness and from the production by the defendant of Dr. Shutkin as a witness. Dr. Carpinella was Patricia's personal physician. He had seen her very shortly after she suffered her alleged injuries. Dr. Shutkin, at her request, examined her eight days later. The rule stated in the charge did not conform to the rule set forth in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 676, 165 A.2d 598, which was decided after the trial in the instant case. The charge, however, was more favorable to the plaintiffs than the *Secondino* rule would have been, and they have no ground for complaint. Furthermore, the verdict was a general one for the defendants, and we must presume that the jury did not reach the question of damages. *Mims* v. *Kingsley,* 145 Conn. 7, 10, 138 A.2d 520; *Steinmetz* v. *Steinmetz,* 127 Conn. 700, 705, 20 A.2d 453.

There is no error.

In this opinion the other judges concurred.