Keating, J. (concurring).
We like to think of courts as established to do justice. In this case we are forced by our *224 decision to do an injustice. There just seems to be no way to wriggle out of the manifestly inequitable result.
I concur in the decision of the court only because the mandate of sections 12, 51 and 52 of the Partnership Law is clear and binding (cf. Tax Law, § 249-r).
Although taxation by both New York and Connecticut is not unconstitutional in the present circumstances (Blodgett v. Silberman, 277 U. S. 1) the fact remains that land representing a single economic value is being taxed as realty in Connecticut and as personalty in New York. In all probability, the Connecticut tax would not have been imposed if the facts as they clearly exist had been brought to that jurisdiction’s attention (Steinmetz v. Steinmetz, 125 Conn. 663). That question, however, cannot be resolved in New York. It is to be hoped that the estate is not precluded from reopening the proceedings in Connecticut and that the Connecticut court will recognize the injustice which it alone would have the power to rectify.
Chief Judge Desmond and Judges Fuld, Burke, Scileppi and Bergan concur with Judge Van Voorttis; Judge Keating concurs in a separate opinion.
Order reversed, without costs, and matter remitted to the Surrogate’s Court, Suffolk County, for further proceedings in accordance with the opinion herein.