DAVID O. BARKER ET UX. vs. THE S. A. LEWIS STORAGE AND TRANSFER COMPANY.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Proof of ownership is not essential in order to maintain an action in the nature of trover: the plaintiff's right of possession at the time of the conversion is sufficient.

As a general rule a bailee is estopped from denying the title of his bailor.

In an action against a warehouseman for the conversion of household goods left for storage, the defendant in its answer admitted the delivery of the goods to it by the plaintiffs, and its reception of them as a warehouseman, but did not admit the averment of the plaintiffs' ownership. Held:—

1. That this admission of a joint delivery of the goods involved also an admission of the plaintiffs' right to a joint recovery upon proof of the alleged conversion.

2. That the admitted reception of the goods by the defendant as a warehouseman was an admission that it thereby incurred the liability which the law attaches to such an undertaking, in the absence of any defense of a special modifying contract.

The special rule of damages which is applicable to a conversion of household furniture and effects owned and kept for personal use, applies as well to books as to any other class of household goods.

The degree of care required of a warehouseman in keeping goods in storage is not to be measured by such care as is taken by other storage warehousemen in the vicinity; and therefore a request to charge the jury to that effect may well be refused.

Where it is sought to show the condition in which certain articles were at a given time, the questions addressed to witnesses upon that point should be plain, simple, and direct. If the inquiries propounded embody complex conditions which render them of

questionable relevancy, or argumentative and remote in their bearing, they may be properly excluded.

A new trial can rarely be justified for erroneous rulings which could have had but a trifling effect upon the amount of damages awarded.

The trial court may exclude questions calling for the opinion of an expert witness which do not embody the facts upon which the opinion is to be given.

Argued October 23d—decided December 18th, 1906.

ACTION to recover damages for the conversion of household effects left with the defendant on storage, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Ullman, J.;* verdict and judgment for the plaintiffs for $1,000, and appeal by the defendant. *No error.*

*Robert L. Munger*, for the appellant (defendant).

*George E. Beers* and *Carl A. Mears*, for the appellees (plaintiffs).

PRENTICE, J. This action, to recover damages for the alleged conversion of certain household goods left in storage with the defendant as a warehouseman, has once already been before this court, when a new trial was awarded. 78 Conn. 198, 61 Atl. 363. Upon the retrial, it having appeared, as the defendant claimed, that some of the property in controversy belonged to the plaintiff husband in his own right and some to the plaintiff wife in some right, and that the plaintiffs were married between 1849 and 1877, the defendant presented a number of elaborately drawn requests to charge the jury upon a variety of matters covering the field of the ownership of personal property by husband and wife intermarried during the period stated, and their rights to legal redress for the conversion of such property, all leading up to the general propositions that it was the duty of the plaintiffs to establish such a title as would warrant a judgment either in their joint names or in the individual name of one of them for such portion of the property de-

scribed in the complaint as might be shown to belong to him or her, that this duty involved as a condition of recovery the particularization of the items belonging to each ownership and their value, and that if it should appear that one portion of the property belonged to the husband in his own right and another portion to the wife, either as her sole and separate estate or as her estate vesting in her husband as trustee, the defendant was entitled to a verdict. The court did not so charge.

Upon the trial the defendant offered evidence to show that the goods were received by it under a special verbal contract or arrangement which restricted its duty and limited its liability. All such evidence was excluded. Two requests to charge also dealt with this aspect of the case, the court having been asked to instruct the jury, in effect, that if certain assumed facts should be found a different liability would be imposed upon the defendant from that which the law imposes upon warehousemen. The court refused to give such instructions.

The action of the court in these matters is made the subject of a number of reasons of appeal.

The plaintiffs, who are nowhere in the writ or pleadings described as husband and wife, alleged in their complaint, and the answer admitted, that the defendant was a warehouseman carrying on business in New Haven. They further alleged that they, being the owners thereof, delivered to the defendant as such warehouseman for storage the property in question. The answer in terms admitted this allegation, omitting therefrom the words "being the owners thereof." No special contract or arrangement was set up in the answer. The defendant thus stood upon the pleadings as admitting that it, in the capacity of warehouseman, was the bailee of the property and that the plaintiffs were the joint bailors thereof. This admission involved an admission of the plaintiffs' right to a joint recovery in their action upon proof of the alleged conversion. It is a familiar principle that a bailor may sue his bailee for the latter's conversion of the thing bailed. 5 Cyc. 214, and

cases cited.   The present right of possession at the time
of conversion is sufficient to support an action of trover.
*Ashmead* v. *Kellogg*, 23 Conn. 70, 75.   Ownership was
therefore unnecessary to be alleged and as unnecessary to
be proved.   As bailee the defendant was estopped from
denying the title of its bailors, no paramount title having
intervened.   Bigelow on Estoppel (2d Ed.) 385n; *The
Idaho*, 93 U. S. 575.   The admission of a joint delivery by
the plaintiffs carried with it the estoppel against a denial
of the corresponding joint title, and a concession of a joint
right of action if any there was.

The admissions of the answer, as they were unaccom-
panied by any averment of a special agreement or arrange-
ment limiting the obligation which the defendant prima
facie assumed as a confessed warehouseman in his relation
to the plaintiffs, also carried with them the admission that
its duty was that which the law attaches to the conceded
relation.   If it wished to avail itself of any such special
contract or arrangement it was its duty to have pleaded it.

The defendant complains of the rule of damages which
the court instructed the jury to apply, for the reasons
(1) that the jury were not told, as requested, that to justify
an award of damages under the special rule prescribed by
this court upon the former appeal of this case for the as-
sessment of damages for the conversion of household goods
and effects owned and kept for personal use, it must ap-
pear that they were so owned and kept at the time of the
alleged conversion, and (2) that the books which were in-
cluded in the list of property claimed to have been con-
verted were not, as requested, excluded from the operation
of this special rule.

The special rule referred to was given to the jury in the
language of this court, which expressly limited its appli-
cation to household furniture and effects owned and kept
for personal use.   The jury could not have understood
that the rule was one of wider application; and for the
court to have added the statement which defendant's
counsel in their request appended to their recital of the

rule, would have been only to repeat what had already been expressed. The non-exclusion of the books from the application of the rule was plainly justified by the language of our former opinion, and was correct. The reason of the rule is as applicable to that class of household effects owned and kept for personal use as to any other.

The defendant further complains because the court refused to tell the jury, as requested, that the ordinary care which the defendant was required to exercise was "to be ascertained by the use of such care as is taken by other persons owning and keeping storage warehouses in the vicinity of the defendant's warehouse." This request did not embody a correct statement of the law and was therefore properly refused. *Leach* v. *Beardslee*, 22 Conn. 404, 408; *Smith* v. *Phipps*, 65 id. 302, 307, 32 Atl. 367. The subject-matter of the request was covered by the court in substantially correct instructions. *Stern* v. *Simons*, 77 Conn. 150, 153, 58 Atl. 696.

All of the remaining matters embraced in the reasons of appeal which have been pursued in the defendant's brief relate to rulings upon the admission of testimony. In all, seventy-nine such rulings are made the basis of appeal. The correctness of not a few of these is the necessary correlary of our conclusions already expressed. Of the remainder a few only call for attention.

Among the articles enumerated in the schedule of property embodied in the complaint was some kitchen tinware valued at $15. For the purpose of showing the condition of these articles before they were stored, the defendant offered a witness who had rented the house and household effects of the plaintiffs for a period of time. She was then asked a series of questions which the defendant claimed for the purpose stated, and they were excluded. Had these rulings been incorrect, we should scarcely be justified in granting a new trial therefor, so trifling was the amount involved in them as compared with the judgment. *Old Saybrook* v. *Milford*, 76 Conn. 152, 56 Atl. 496. But an

examination of the questions shows that while certain of them might have been admitted in the exercise of a reasonable discretion, they all contained an element which made them technically objectionable and justified the rulings. The simple, direct and natural inquiry to elicit the witness' testimony as to the condition of the articles was not asked. Had it been, an answer would unquestionably have been admitted.

The defendant presented as a witness a dealer upon the instalment plan in house furniture and furnishings. He was asked if he had been present in court during the trial and heard the evidence of Mrs. Barker and the other witnesses as to the condition, kind and quality of the furniture in question. Upon objection, an answer was claimed as introductory to another as to his opinion as to the value of the furniture, and " what it would cost to replace such furniture for the purpose for which it was used by " the plaintiffs. It is a sufficient answer to this claim of error to observe that it was proposed to interrogate the witness without including in the questions the facts upon which he was to give his opinion. It is not error to decline to permit a witness to so testify. *Barber's Appeal*, 63 Conn. 393, 408, 27 Atl. 973.

None of the remaining rulings involve any question of interest. We have examined them all, only to find that they are either intrinsically correct, within the domain of the court's reasonable discretion, or palpably harmless to the defendant.

There is no error.

In this opinion the other judges concurred.