MARY SACHONCHIK *vs.* HOPE A. BARTLETT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 8th—decided February 23d, 1932.

*John A. Danaher,* with whom was *Leon A. Winslow,* for the appellant (plaintiff).

*William D. Shew,* for the appellee (defendant).

PER CURIAM. The plaintiff, a girl of eleven years, was injured by an automobile driven by the defendant. She was walking with a younger sister in a southerly direction along the westerly edge of a paved highway. To the west of the pavement and close to it was a trolley track. A car was approaching upon that track and the motorman, when about two trolley lengths distant, seeing the girls start toward the track, blew the whistle on the car. They looked to the north and saw the trolley and also an automobile truck which was approaching from the same direction. Thereupon the plaintiff, becoming confused and frightened, started to run across the pavement to the east, still looking to the north, and when about two thirds of the way across ran into the left front fender of the defendant's automobile, which was coming in the opposite direction on the easterly half of the pavement. The trial court found that the defendant was not aware that the girls

were in any position of peril or danger until it was too late to avoid the accident. While this finding appears among the subordinate facts stated, it is in effect a conclusion which can be tested by its reasonableness in view of the other facts found. If it appeared that the defendant saw or ought to have seen the automobile truck coming toward the girls upon the same side of the pavement upon which they were walking, it would be difficult to sustain the finding. But that is not found to be so nor are we asked to add this fact to the finding. As far as appears the defendant had no reason to know that the children might not remain in safety upon the westerly half of the pavement while the trolley passed upon its track and she proceeded upon the easterly half of the pavement. That she was not aware that the girls were in a position of danger until the plaintiff started to run across the pavement was a reasonable conclusion. The further conclusion that it was then too late for her to avoid the accident, we do not construe as meaning that it was then a physical impossibility to avoid it but that it was too late for the defendant, confronted with the situation of danger caused by the conduct of the plaintiff, to avoid it in the exercise of such care as it was her duty to use. We cannot say the trial court might not reasonably reach this conclusion. Nor can we hold as matter of law that the defendant was negligent in not slackening the speed of her car, blowing her horn, or taking other precautionary steps before the plaintiff started across the pavement, in view of the circumstances which the defendant knew or ought to have known. The conclusion of the trial court that the defendant was not negligent cannot be disturbed and there is no occasion to consider its further conclusion that the plaintiff was guilty of contributory negligence

or the question whether the last clear chance doctrine was applicable to the situation.

The plaintiff on cross-examination asked the defendant whether all the vehicles on the roadway other than the one she was driving were not brought to a stop about the moment of the collision and the trial court excluded the question. The question was apparently claimed upon the ground that the conduct of the drivers of the other vehicles would be evidence of the care which the defendant ought to have exercised. It was clearly inadmissible for such a purpose. *Barker* v. *Lewis Storage & Transfer Co.,* 79 Conn. 342, 346, 65 Atl. 143.

There is no error.