EDWARD H. STEINECKE, JR. *v.* MAE G. MEDALIE

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued June 4—decided July 15, 1952

*James R. Greenfield*, with whom, on the brief, were *Isadore Chaplowe* and *John H. Sheehan*, for the appellant (plaintiff).

*David M. Reilly, Jr.*, with whom, on the brief, was *David M. Reilly*, for the appellee (defendant).

BALDWIN, J. The plaintiff brought this action to recover damages for injuries which he claimed to have suffered when he fell on a snow-covered, icy walk on premises owned by the defendant. The jury returned a verdict for the defendant. The plaintiff has appealed. His appeal from the denial of his motion to set aside the verdict merits no consideration because no evidence is included in the record. In his appeal from the judgment he claims errors in the charge and in the refusal of the trial court to allow an amendment to his complaint.

The plaintiff claimed to have proved the following facts: The defendant owned a three-family house in New Haven. She was in sole control of a walk leading from the public sidewalk to the rear entrance. On February 26, 27 and 28 temperatures were at or below freezing. On February 28 it began to snow about 8 o'clock in the morning and continued all day. By 3:30 in the afternoon the snowfall covered the

walk and driveway to a depth of several inches. Between 3:30 and 4:00 in the afternoon the plaintiff, returning from school, was proceeding along the walk next to the house. His younger brother preceded him and his sister followed. Other children were snowballing them. When the plaintiff arrived at a corner of the house, his right foot caught and he slipped on the snow and ice and fell forward, striking his head against the foundation wall of the house. At that time and place the driveway of which the walk was a part was covered by newly fallen snow, and it was still snowing. During the day and up to the time the plaintiff fell, the driveway had not been cleared of snow or ice, nor had any sand, ashes, salt or other substance been used to keep it from becoming slippery. At the place where the plaintiff fell there had been a patch of matted-down snow and ice for several days.

The defendant's claims of proof were: Between February 11 and 28 there was no snowfall except traces on February 16 and 22. There was no matted-down snow and ice on the walk and driveway, and they were clear prior to the snowfall of February 28. The storm on that day was severe throughout New Haven, and there was a continuous heavy fall of snow beginning at 8 a. m. The plaintiff fell while chasing another boy.

The plaintiff's first claim of error is the refusal of the court to permit an amendment to the complaint. The writ and complaint were issued on October 27, 1949. On September 24, 1951, almost two years later, the plaintiff filed an amendment which stated that the passageway where the plaintiff fell was "in an unsafe, slippery, defective and dangerous condition, because same was covered with an accumulation of compressed, hard packed, or frozen snow

or ice which lay there for some hours before said fall and was covered by falling snow, as a result of which said walk was not reasonably safe for walking." This amendment also alleged that the plaintiff's injuries were caused by the defendant's negligence in "failing to remove said hard-packed or frozen snow or ice accumulated on said walk" or to take any action to make the passageway reasonably safe. During the trial a photograph was offered showing that the surface of the passageway was cracked and broken and had holes in it. The plaintiff then sought to amend his complaint further by adding that the passageway was broken, cracked, rutted, uneven and full of holes and thus defective. The court refused to allow the amendment. This ruling was one that rested within the discretion of the court. The proposed amendment would have radically changed the basis of the plaintiff's cause of action from that stated in the complaint, thus either putting the defendant to disadvantage through surprise or requiring a postponement and consequent delay in the trial. See *Rusch* v. *Cox,* 130 Conn. 26, 32, 31 A.2d 457. The situation was not comparable to that in *Cook* v. *Lawlor,* 139 Conn. 68, 90 A.2d. 164. There the request to amend was not made during the progress of the trial. In the instant case we cannot hold that the court abused its discretion in refusing to allow the amendment. *Benson* v. *Morey,* 129 Conn. 390, 28 A.2d 843; *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 620, 7 A.2d 847; *Beauton* v. *Connecticut Light & Power Co.,* 125 Conn. 76, 79, 3 A.2d 315.

The plaintiff has assigned error in the failure of the court to charge on the effect of the structural defects upon the liability of the defendant. There

was no basis in the pleadings or the finding for such a charge. There is no merit in this assignment.

The plaintiff further claims that the court erred in charging the jury, in effect, that it would be improper under any circumstances to find liability for a fall on newly fallen snow without explaining the effect of the combination of new snow and the underlying condition. The plaintiff submitted no request to charge on this special feature, nor did he take an exception based thereon at the conclusion of the charge. After the jury had retired for their deliberations they returned to ask the court to "define the right of the landlord about clearing the snow from the sidewalks or driveways during the progress of a storm." The court repeated a portion of the charge already given concerning the liability of the defendant. It told the jury again that an "accumulation of ice or snow upon a common approach to a tenement house may impose upon a landlord a liability for injuries due to it, provided he knew, or in the exercise of reasonable oversight ought to have known of the existence of the dangerous condition and failed to exercise reasonable care to provide against injury by reason of it." The court went on to say: "The issue is was it slippery at the very place that the boy fell due to the accumulation of hard ice and snow at that point. I think it is very unlikely that it would be proper to say under any circumstances that one who falls on newly fallen snow has established a condition which demonstrates a failure of duty on the part of anybody, but I will leave it to you with the general instructions which I trust have been clear enough to cover what you have in mind." Counsel for the plaintiff then took an exception on the ground that the instructions given in answer to the jury's question eliminated any con-

sideration of "the effect that newly fallen snow might have on ice that had accumulated for some time in regard to rendering the premises slippery or dangerous."

"The test usually applied in determining whether there is error in a charge is that it must be correct in in law, adapted to the issues and sufficient for the guidance of the jury. If it meets this test, it will ordinarily be sustained though not in all respects exhaustive, perfect or technically accurate." Maltbie, Conn. App. Proc., § 48. A charge is to be considered from the standpoint of its effect upon the jury in guiding them to a correct verdict. *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 653, 2 A.2d 220; *Amato* v. *Desenti,* 117 Conn. 612, 617, 169 A. 611. It is to be inspected in the light of the claims of proof advanced by the parties. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 471, 52 A.2d 436; *Tuckel* v. *Hartford,* 118 Conn. 334, 336, 172 A. 222; *Greenberg* v. *Branciere,* 100 Conn. 596, 599, 124 A. 216. The complaint makes no specific claim that the plaintiff's injuries were caused by a combination of newly fallen snow and a pre-existing defect. The claims of proof indicate that upon this aspect of the case the parties were solely and sharply at issue on the existence of matted-down snow or ice at the place where the plaintiff fell, a condition which the plaintiff claimed was the cause of his injuries. The plaintiff's criticism of the portion of the charge now under discussion has reference to the principle that an accumulation of ice or snow of long standing may be the proximate cause of a fall even though the danger of the condition may have been increased by a recent fall of snow. See *Frechette* v. *New Haven,* 104 Conn. 83, 91, 132 A. 467; *Perri* v. *New Haven,* 133 Conn. 291, 294, 50 A.2d 421. The matter of proximate

cause had been fully covered in the main charge and no exception thereto had been taken. Both parties conceded that it had been snowing all day.

In the supplemental charge the court was not discussing the matter of proximate cause. It was simply replying to the jury's question concerning the duty of the landlord with reference to the newly fallen snow. It said in substance that probably the jury could not find that the landlord had any duty of removing the new snow before the time of the plaintiff's fall and that, therefore, the real question in the case was whether it was slippery at the place the plaintiff fell owing to the presence of hard-packed snow and ice. Taken in its context, it is clear that the jury could not have interpreted this as an instruction that in their consideration of the question of proximate cause they should not take into account the possibility that the new snow had combined with the old to cause the fall. Taken as a whole, the charge with relation to the defendant's negligence was properly confined to those matters which were material to the determination of the issues upon the claims presented by the parties and was correct and adequate for the proper guidance of the jury. *Coy* v. *Milford,* 126 Conn. 484, 486, 488, 12 A.2d 641; Maltbie, Conn. App. Proc., § 57.

The defendant pleaded by way of special defense contributory negligence on the part of the plaintiff. The plaintiff assigns error in the failure of the court to charge on the standard of care required of a thirteen-year-old boy. He neither filed a request to charge concerning this nor took an exception to the court's failure to give any such instruction, as required by § 153 of the Practice Book.

There is no error.

In this opinion the other judges concurred.