STEPHEN J. HUNYADI *v.* THE STRATFIELD HOTEL, INC.
JOHN S. SAKACS *v.* THE STRATFIELD HOTEL, INC.
CHARLES J. FOX *v.* THE STRATFIELD HOTEL, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 1—decided December 21, 1955

*Joseph L. Melvin,* with whom was *Robert F. Quimby,* for the appellant (defendant) in each case.

*Bernard S. Peck,* for the appellee (plaintiff) in the third case.

*Irwin E. Friedman,* for the appellee (plaintiff) in the second case.

*Aram Tellalian,* for the appellee (plaintiff) in the first case.

BALDWIN, J. The defendant has appealed from the judgments rendered upon verdicts for the plaintiffs in these actions. In each case, it has assigned error in the action of the court in sustaining a demurrer to one of its special defenses and in the charge to the jury. The cases were tried together and the appeals present identical questions of law. We shall consider them as one.

The claims of proof of the plaintiffs are as follows: In August, 1950, they were employed by George J. Steinhardt, Inc., as journeymen electricians and were working at the Stratfield Hotel, where Steinhardt had a contract with the defendant to change its electrical system. In the hotel there was a freight elevator which ran from the basement to the ground floor level, a rise of approximately fifteen feet. The employees of the Steinhardt company, including the plaintiffs, were permitted to use this elevator. The defendant's employees and others having business with the hotel also used it. It was powered by electricity and was operated by a hand cable in the elevator cage. The machinery which raised and lowered the cage was located in a small room next to the elevator shaft. No one but the defendant's employees had access to this room. The machinery consisted in part of two drums around which the elevator cable was wound. The drums were rotated by a motor through a main gear and a pinion gear. The main gear was made of cast iron and had been in place for at least twenty-two years. One of the teeth on the main gear, which engaged the pinion gear, had been broken off and had been missing for at least six months. The main gear also contained an area of spongy porosity which weakened it, but this area, which was not ascertainable by inspection, did not in any way contribute to the breaking of the gear which occurred.

On August 1, 1950, the plaintiffs loaded the elevator at the basement floor with miscellaneous materials, including two heavy iron conduit pipes. The conduit pipes were placed in the elevator in an approximately vertical position, and one of them protruded through the top of the cage. The plaintiffs boarded the elevator with the load and started it

to go up to the ground level. When the cage reached a point about three-quarters of the way up to the ground floor, there was a snap and the cage plunged to the bottom of the shaft. The plaintiffs were seriously injured. The extra wear and pounding to which the main gear had been subjected by reason of its continued operation with a missing tooth caused the gear to break and the cage to fall. The plaintiffs' injuries were caused by the failure of the defendant properly to inspect and repair the defective main gear.

The defendant made the following claims of proof: The plaintiffs' employer, the Steinhardt company, was an independent contractor. The plaintiffs had become accustomed to use the elevator and were familiar with its operation. When they loaded the elevator, they permitted the longer of the two conduit pipes to extend above the top of the cage a considerable distance. Just before the floor of the cage reached the level of the ground floor of the hotel, the end of this conduit pipe struck the ceiling of the elevator shaft, which was made of heavy concrete. The impact suddenly placed a tremendous weight upon the elevator cable and main gear, causing the gear to break and the elevator cage to fall. The elevator mechanism was not defective, and its collapse was caused by the negligence of the plaintiffs in loading the conduit pipes so that the longer one protruded above the elevator cage and in operating the elevator so that the pipe struck the ceiling of the shaft with great force. The plaintiffs' injuries were caused by their own negligence.

These claims present two basically different theories as to the cause of the plaintiffs' injuries. Bearing upon the plaintiffs' negligence as claimed by the defendant, a charge to this effect was requested

by the defendant: It being admitted that the plaintiffs were in control of the loading and operation of the elevator, they, and not the defendant, had the responsibility for its safe operation. On the issue of control of the elevator, the court charged, in substance, that the control lay with the one who had the authority to superintend and regulate the use of the elevator and to repair it. The defendant does not complain about the correctness of this charge as it applied to the plaintiffs' theory of the cause of the accident. The defendant says that it never disclaimed control of the machinery located in the gear wheel compartment, to which the plaintiffs did not have access. It claims, however, that the charge was inadequate because it failed to take into account the defendant's theory as to the cause of the fall of the elevator and did not explain the legal consequences if the jury found that the main gear was sound but was broken as a result of an impact between the conduit pipe and the top of the elevator shaft which occurred because of the faulty loading and operation of the elevator cage by the plaintiffs.

The court in its charge specifically referred to the defendant's claim that the plaintiffs were not making a normal use of the elevator, that it was loaded with pipe which protruded above the top of the cage, that one of the pipes struck the ceiling of the elevator shaft, causing the gear to break and the elevator to fall, and that this was an abnormally dangerous method of operation. The court specifically instructed the jury that the defendant was not liable for an accident resulting from a hidden defect in the mechanism unless the defendant in the exercise of reasonable care should have known of the defect. It charged further that the duty of the defendant was to exercise reasonable care to have the elevator

reasonably safe for its normal use and that the defendant was not bound to anticipate and guard against an unusually dangerous method of operation.

When one of the parties claims that the evidence offered proves certain facts influential to the decision of the case and properly requests the court to charge the legal consequences if such facts are found, the court is in duty bound to comply in substance with the request. *Tyburszec* v. *Heatter,* 141 Conn. 183, 187, 104 A.2d 548; Maltbie, Conn. App. Proc., p. 91. The court is not required to adopt the language of the request. Substantial compliance is ample. *McKirdy* v. *Cascio,* 142 Conn. 80, 87, 111 A.2d 555; *Boland* v. *Vanderbilt,* 140 Conn. 520, 522, 102 A.2d 362; Maltbie, op. cit., § 66. The charge given was a substantial compliance with the request and was adequate for the guidance of the jury.

The defendant requested an instruction that it was not liable for an accident resulting from an undiscoverable hidden defect. This was given in the precise terms requested. The defendant complains that it was not in context. Granted that be so, the charge must be considered as a whole, and its sufficiency and accuracy in guiding the jury must be examined from that standpoint. *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875; Maltbie, op. cit., § 51. The failure to charge in response to the request of the defendant that it was not under a duty to make tests to discover latent defects, particularly if they were of a nature not discoverable in the exercise of due care, is inconsequential. No claim was made by the plaintiffs that the spongy porosity found after the breakage of the main gear caused the accident or that the defendant was responsible for that porosity.

The defendant assigns further error in the failure

of the court to charge, as requested, that a finding of compliance by the defendant with the prevailing standard practices for building and maintaining elevators would be satisfactory evidence of due care on its part. Compliance with a standard or prevailing practice in a matter of this kind may be evidence of due care. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600, and cases cited. Whether it is satisfactory evidence of due care is a matter for the trier of the facts to determine by the broader standard of what reasonable care and prudence demanded under the same or similar circumstances. 2 Wigmore, Evidence (3d Ed.) p. 489; see *Barker* v. *S. A. Lewis Storage & Transfer Co.,* 79 Conn. 342, 346, 65 A. 143; *Sachonchik* v. *Bartlett,* 114 Conn. 727, 729, 158 A. 895. Furthermore, there is no basis for any such charge in the claims of proof or in the pleadings. *Steinecke* v. *Medalie,* 139 Conn. 152, 155, 90 A.2d 875; *Goodno* v. *Hotchkiss,* 88 Conn. 655, 664, 92 A. 419. This request was properly refused. The court was also correct in rejecting the request of the defendant for an instruction that it was not chargeable as a common carrier of passengers. Here again the claims of proof do not show that there was any such issue in the case. *Steinecke* v. *Medalie, supra.*

The defendant interposed a special defense alleging substantially the following: The injuries of the plaintiffs arose out of and in the course of their employment by George J. Steinhardt, Inc., an independent contractor. They were entitled to, and have received, compensation under the Workmen's Compensation Act. General Statutes § 7419. Their employer has become a part owner of the present actions against the defendant by virtue of § 2284c of the 1953 Cumulative Supplement and is an

unnamed plaintiff. The Steinhardt company had a contract with the defendant wherein Steinhardt agreed to pay all damages for injuries to persons arising out of the work which it had undertaken for the defendant. The defendant's claim on these allegations is that the plaintiffs could not recover in these actions the amounts paid to them by Steinhardt under the compensation act because Steinhardt is, by virtue of its contract with the defendant, required to indemnify the defendant. The plaintiffs' demurrer to this special defense was sustained, and the defendant has assigned this ruling as error. The right of these plaintiffs to recover from the defendant issues from a tort liability. Their right to compensation under the Workmen's Compensation Act issues from their contract with their employer. *Duffy* v. *J. W. Bishop Co.*, 99 Conn. 573, 578, 122 A. 121; *Geraty* v. *Kaufman*, 115 Conn. 563, 568, 162 A. 33; *Stulginski* v. *Cizauskas*, 125 Conn. 293, 297, 5 A.2d 10. The plaintiffs are not parties to the contract between Steinhardt and the defendant, nor is Steinhardt a party to the present actions. The demurrer was properly sustained. Whether the defendant can recover from Steinhardt upon its contract and, if so, the amount of such a recovery are matters in which these plaintiffs are not involved.

There is no error.

In this opinion the other judges concurred.