ALFRED BACH *v.* NICKLAS J. GIORDANO ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

184

Argued December 5—decided December 27, 1956

*Morris Tyler,* for the appellants (defendants).

*Nathan A. Resnik,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff was injured in an automobile accident. He instituted this action, alleging, among other things, that his injuries were due to the negligence of the four defendants. He had a verdict, and from the judgment rendered thereon the defendants have appealed. Their sole assignment of error is directed against the court's charge to the jury as it dealt with one element of damages. That element was the claimed impairment of the plaintiff's earning power.

The following were the pertinent claims of proof: The plaintiff is a consulting lubrication technician. He advises on lubrication problems arising in factories in the course of production. He is also a manufacturer's agent in selling various articles. His work in these two capacities necessitates his driving by automobile to factories throughout all of New England, which comprises his territory. On August 18, 1953, he was injured in an accident caused solely by the defendants' negligence. He remained in bed

for the next two weeks and did no work at all for a month. For the first five months after he was able to work, his physical condition, because of the accident, was such that he was obliged every day to quit after performing half of his ordinary routine. This meant that, during this five-month period, he had to cut down on the number of factories he was servicing. In doing business throughout this period, he had to rely to a great extent on the telephone instead of calling in person on his clients. During the year of the accident, his income was $20,000. In the following year, when he was able to work for twelve months, his income was $30,000.

In charging on damages, the court instructed the jury that they should compensate the plaintiff, if liability was to be imposed on the defendants, for any impairment of earning power which was the natural result of the injuries sustained by the plaintiff in the accident. This compensation, charged the court, would be the pecuniary value of the time lost in consequence of the injury. At the conclusion of the charge, the defendants excepted to the instruction solely on the ground that there was no evidence of any wages and salary, and, there being no other evidence by which the jury could establish the pecuniary value of the impairment of earning power, if any, the jury were being authorized, by the instruction in question, to indulge in speculation as to that value.

Of the two methods of proving a man's earning capacity, one is to show what his earnings were during a certain period. *Comstock* v. *Connecticut Ry. & Lighting Co.*, 77 Conn. 65, 68, 58 A. 465. When he is employed at a regular salary or at a fixed rate of wages, the proof is simple. Mere difficulty, however, in showing a man's earnings when he is not a

salaried employee or working for wages is far from a sufficient reason for refusing to permit a jury to determine them, when the right to be compensated for their loss has been established. *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 552, 143 A. 855.

It is true that evidence bearing on the earning capacity of a person should be of such certainty as the nature of the case permits. *Doeltz* v. *Longshore, Inc.,* 126 Conn. 597, 601, 13 A.2d 505. But a charge is tested, not by the evidence, but by the claims of proof. *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875; Maltbie, Conn. App. Proc., p. 102, § 73. The claims of proof in the case at bar disclose that from January 1 to August 18, 1953, and from September 18 to December 31, 1953, the plaintiff's earnings were $20,000. This was an average of over $1800 a month. There is nothing in the record to indicate that the defendants did not have the fullest opportunity to test the truthfulness of the plaintiff's claim as to the extent of his alleged reduction in income during the year of his accident. Nor does it appear that any objection was raised to the proffered testimony upon which the claim of impairment of earning capacity, as stated in the finding, was based. From the manner in which the claims of proof were narrated, the court was warranted in submitting to the jury the question of compensation for impairment of earning capacity.

There is no error.

In this opinion the other judges concurred.