PETER LOPES, ADMINISTRATOR (ESTATE OF JOHN R. PINA, JR.) *v.* CONNECTICUT LIGHT AND POWER COMPANY

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 3—decided May 27, 1958

*Walter J. Sullivan,* with whom, on the brief, was *Alvin Pudlin,* for the appellant (plaintiff).

*Walter F. Torrance, Jr.,* for the appellee (defendant).

Murphy, J. The plaintiff's decedent, John R. Pina, Jr., was electrocuted on August 5, 1954, while working in the yard of his employer's place of business in Newington. At the time, he was manually guiding a bundle of steel rods as they were being transferred from a truck to a storage area. The rods were suspended at the end of a cable attached to the boom of a crane. The boom came in contact with, or in close proximity to, overhead high tension electrical wires, and electricity passed down the cable to

the decedent. The shock killed him. The plaintiff, administrator of his estate, brought suit to recover from the defendant for his death, alleging negligence in the construction, design, location and maintenance of an uninsulated and unprotected power line which carried 14,400 volts of electricity. The defendant pleaded contributory negligence of the decedent as a special defense and during the trial claimed also that the intervening negligence of the crane operator was the proximate cause of the fatality. The jury returned a general verdict for the defendant. The plaintiff has appealed from the judgment rendered thereon.

The appeal is restricted to two claimed errors in the court's charge to the jury. The first claim is that the court failed to charge that the defendant could be found negligent if the power line was so constructed that the electric current was not automatically shut off at the instant of foreign contact. The other claim is that the court should not have charged on intervening negligence. No requests to charge were submitted to the court. Also, the plaintiff is not seeking any corrections in the finding.

"The tests of a charge are its accuracy in law, its adaptability to the issues, and its sufficiency as a guide to the jury in reaching a correct verdict." *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 254, 113 A.2d 361; Maltbie, Conn. App. Proc., § 76. A charge is tested by the claims of proof advanced by the parties and not by the evidence. *Bach* v. *Giordano,* 144 Conn. 183, 186, 128 A.2d 323. The appendix to the brief is therefore superfluous. The only claim of proof by the plaintiff in the finding with respect to the first alleged error is that the decedent was thrown upon the bundle of steel rods when the electricity arced to the boom, that he re-

ceived repeated surges of electricity which caused his death, and that the lights in the employer's office flickered and went out. There was no claim of proof that the circuit breaker, fuse or other safety device in the power line was inadequate or defective, or was otherwise insufficient to cut off the current, or even that reasonable care or standard practice called for any circuit breaker or other safety device to do so. *Hunyadi* v. *Stratfield Hotel, Inc.*, 143 Conn. 77, 83, 119 A.2d 321. The defendant's claim of proof was that the relay operated properly and the line went out in three-tenths of a second. Under these claims, the court properly refused to charge in the manner which the plaintiff now maintains was required. *Thompson* v. *New Haven Water Co.*, 86 Conn. 597, 608, 86 A. 585; *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 20, 118 A.2d 798.

After correctly charging upon negligence, proximate cause and concurrent negligence, the court charged the jury upon intervening negligence. No claim is made that the charge on this element was itself inadequate or incorrect; rather, it is claimed that intervening negligence was not in the case and that the jury should not have been charged upon it. The court charged the jury that even though they found the defendant negligent in one or more of the particulars alleged in the complaint, the defendant could not be held liable for Pina's death if the jury found that the sole proximate cause of his death was the intervening negligence of the crane operator in swinging the boom so close to the wires that the current was transmitted to Pina's body. The wires were thirty-two feet five inches above the ground in the area. The cab of the crane was four feet nine inches above the ground. and the boom extended twenty-nine feet nine inches from the cab. The boom

was practically vertical when it came in contact with the wires. The crane operator was fully aware of the danger inherent in maneuvering the boom in close proximity to the overhead wires, but he so operated the boom that, as the bundle of steel rods touched the ground, the boom recoiled and contacted the wires or came so close to them that electricity arced to the boom.

The plaintiff's claim is that the action of the crane operator could not constitute an intervening cause of the decedent's injuries as they resulted from the very hazard because of which the defendant's conduct in maintaining the uninsulated overhead wires was negligent. This claim invokes the rule of cases such as *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 651, 2 A.2d 220, and *Johnson* v. *Shattuck*, 125 Conn. 60, 64, 3 A.2d 229. The rule could apply in this case only if the plaintiff had presented evidence from which the jury could find that the defendant knew, or in the exercise of reasonable care should have known, that a hazard of that general nature was likely to arise as a result of its conduct in maintaining its wires as and where it did. *Botticelli* v. *Winters*, 125 Conn. 537, 542, 7 A.2d 443; *Cuneo* v. *Connecticut Co.*, supra, 652; *Johnson* v. *Shattuck*, supra. The finding discloses no claims of proof of facts from which the jury could find that the defendant knew or should have known that a crane was likely to be operated in an area where it might come in contact with the power lines. Thus the rule claimed by the plaintiff was inapplicable, and the court correctly omitted it from its charge. If we assume, without deciding, that there was any support for a finding by the jury of actionable negligence on the part of the defendant, under the foregoing claims of proof, the conduct of the crane operator in the manner in which he maneu-

vered the boom and lowered the rods was a vital issue in the case. The court was not in error in charging that intervening negligence was an element for the jury's consideration and a fact for their determination. *Ferino* v. *Palmer,* 133 Conn. 463, 469, 52 A.2d 433; *Colligan* v. *Reilly,* 129 Conn. 26, 30, 26 A.2d 231; *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 A.2d 370.

The defendant's cross appeal is treated as abandoned as no steps were taken to perfect it.

There is no error.

In this opinion the other judges concurred.