# The West Realty Company *v.* William J. Ennis, Building Supervisor of the City of Hartford

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued May 6—decided July 26, 1960

*Wallace W. Brown,* with whom was *Roger P. Morgan,* for the appellant (plaintiff).

*Joseph J. Burns,* assistant corporation counsel, for the appellee (defendant).

MURPHY, J. The plaintiff is the owner of a two-story commercial building on Main Street in the central business district of Hartford. The building was damaged extensively in two separate fires in January and February, 1959. It is located within the inner fire limits of the city. The defendant is the building supervisor of the city and also the chief inspector of licenses and inspections. Acting in the latter capacity, he ordered the demolition of the damaged building under the provisions of the building code. The plaintiff brought suit to enjoin him from enforcing his order. The Superior Court denied the plaintiff relief, and it has appealed.

In its assignment of errors, the plaintiff sought extensive corrections in the finding and claimed error in one ruling upon evidence. In its brief, it has restricted its argument to four claims of error. The others are considered as abandoned. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463; *State* v. *Pallanck,* 146 Conn. 527, 531,

152 A.2d 633. The plaintiff maintains that the ordinance under which the defendant acted is unconstitutional; that the defendant violated the constitutional provisions relating to due process in ordering the demolition of the building without first conducting a hearing in a judicial manner; that the defendant erroneously construed and applied the ordinance; and that the extent of damage to the building was less, percentagewise, than the defendant found it to be.

Section 43-37 of the Hartford building code prohibits the repair of any building of frame or ordinary (nonfireproof) construction within the inner fire limits when it has been damaged by fire or other causes "to the extent of 50 per cent of the cost of replacing the original building, exclusive of the value of the foundations." The section then provides that any such building "may be condemned by the chief inspector of licenses and inspections," and that, if it is so condemned, he shall order it removed forthwith. Section 43-39 of the code gives the chief inspector of licenses and inspections the sole authority to determine the question of the cost of repairing or replacing such a structure and the extent of the damage by fire or other causes. The plaintiff's building was of ordinary construction. The defendant found that the cost of repairing the damage caused by fire would be $162,801, and the cost of replacing the original building, exclusive of the foundation, with a nonconforming, nonfireproof replica would be $294,006. The cost of repair would thus amount to 55.4 per cent of the replacement cost. On the basis of these percentages, the defendant condemned the building and ordered its demolition.

The principal claim of the plaintiff is that so much

of § 43-37 of the building code as permits the chief inspector to condemn a building and order it demolished is unconstitutional because it does not contain the standards by which his action is to be governed. The plaintiff has not contested the validity of the part of § 43-37 which prohibits the repair of any such building when so damaged. If the building cannot be repaired, it stands to reason that deterioration will take place and with the passage of time the building will become a menace to public safety and eventually a nuisance in fact. General Statutes § 19-378 authorizes each city to enact ordinances to prevent the erection of unsafe buildings. The prohibition in § 43-37 of the building code against repairing any ordinary building within the inner fire limits when it has been extensively damaged is in accordance with the power granted by the legislature to the city to prevent the erection of unsafe buildings and amounts to a legislative determination that a building so damaged is unsafe. Section 19-391 of the General Statutes authorizes a building inspector to order the removal of any building or portion thereof which has been damaged to such an extent that, after inspection, he concludes that its removal is necessary in the interests of public safety. Interpretation of § 43-37 of the building code in harmony with §§ 19-378 and 19-391 of the General Statutes leads to the obvious conclusion that damage to the extent of 50 per cent, exclusive of the value of the foundation, is in itself a sufficient standard for the guidance of the defendant. *Len-Lew Realty Co.* v. *Falsey*, 141 Conn. 524, 530, 107 A.2d 403. By necessary implication, "may" as used in § 43-37 of the building code has to be construed as "must," so that the chief inspector of licenses and inspections is directed to condemn buildings dam-

aged to the extent of 50 per cent. *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 590, 13 A.2d 510; *State* v. *Palmieri,* 143 Conn. 569, 570, 124 A.2d 911. Otherwise, the unsightly remnants of a damaged building would remain an eyesore until the ravages of time and the elements required common-law action to abate a nuisance. The portion of § 43-37 of the building code which has been challenged is not unconstitutional. *Fidelity & Guaranty Ins. Corporation* v. *Mondzelewski,* 49 Del. 395, 117 A.2d 369, 372; *Zalk & Josephs Realty Co.* v. *Stuyvesant Ins. Co.,* 191 Minn. 60, 63, 253 N.W. 8; *Russell* v. *Fargo,* 28 N.D. 300, 314, 148 N.W. 610; 6 McQuillin, Municipal Corporations (3d Ed.) § 24.23.

The building code makes no provision for a hearing before issuance of a condemnation and demolition order. Section 43-5 does provide, however, for a board of review composed of an architect, a builder and a civil or structural engineer, each with at least ten years' practical experience in his profession or business. Any person aggrieved by an order of the defendant has the right of appeal to the board, which, acting as a quasi-judicial body, reviews the records, conducts hearings, takes evidence and has authority to reverse or modify the order. This procedure, together with the plaintiff's right of recourse to the courts, satisfies the constitutional requirement of due process. *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 246, 149 A.2d 691; *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 673, 103 A.2d 535. The plaintiff did not take advantage of its right to appeal to the board of review; instead, it instituted this suit. It has had a judicial hearing in a court of competent jurisdiction. Furthermore, the finding shows that the plaintiff's repre-

sentatives did in fact hold several conferences with the defendant and that these representatives, before the defendant issued his final order of demolition, presented evidence as to the plaintiff's contentions with respect to the extent of the damage and the cost of replacement. The representatives of the plaintiff thereafter testified for the plaintiff at the trial.

There is no merit to the claim of the plaintiff that the defendant, in construing and applying § 43-37 of the building code, did so erroneously. That section provides that the cost of replacing the original building, exclusive of the foundations, shall be used as the basis upon which the extent of the damage is predicated. The original building antedated the adoption of the building code and the establishment of the inner fire limits. It was nonconforming to the code in that it was not of fireproof construction. To adopt the plaintiff's contention that replacement of the original building means replacement by a building constructed in conformity with the code would require complete disregard of the meaning of the word "original" and would be like superimposing a modern body upon an antiquated chassis. The defendant acted properly in using the cost of constructing a duplicate of the building as it existed before the fire as the basis for determining the extent of the damage. As the defendant had sole authority to determine the cost of repair and replacement and the extent of the damage, the final claim of the plaintiff resolves itself into a dispute with him over a question of fact and is groundless.

There is no error.

In this opinion the other judges concurred.