STATE OF CONNECTICUT *v.* ROBERT R. DAVILA

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

1

Argued June 6—decided July 27, 1962

*John F. James,* special public defender, for the appellant (defendant).

*John F. McGowan,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

MURPHY, J. The defendant, after a trial to the jury, was convicted of a violation of the Uniform State Narcotic Drug Act in having heroin, a narcotic drug, under his control. He has appealed, assigning error in the refusal of the court to charge as requested, in the charge as given, and in two rulings on evidence. One of the alleged evidential errors has not been mentioned in the brief, and the other has not been properly briefed. They are considered to have been abandoned. *West Realty Co.* v. *Ennis,* 147 Conn. 602, 603, 164 A.2d 409; *State* v. *Harris,* 147 Conn. 589, 591, 164 A.2d 399. The other assignments of error have received such

superficial treatment in the defendant's brief that they could readily be considered as being not seriously pressed. To so regard them would, however, be unfair to the defendant. The defendant's brief cites but one case, and it is not cited as authority to show error in any respect.

The defendant admits that he is a drug addict and that he has purchased narcotics for his own use on many occasions. At the trial, the state offered evidence to prove the following: The defendant became acquainted with George Leach, with whom, and with others, he smoked marihuana in a Danbury park. Leach and the defendant discussed narcotics, and the defendant offered to sell some to Leach, who stated that he had a friend who would be interested. Thereafter, the defendant told Leach that he was going to New York to obtain narcotics which he desired to dispose of through Leach's friend. The following day, the defendant returned, with ten bags of heroin, to his apartment, where Leach met him by prearrangement. They then went to a car parked on the street, and there the defendant, after being introduced, sold nine of the bags to a man who later turned out to be a federal narcotics agent. The defendant did not want to sell the tenth bag of heroin to the agent because he was keeping it for a friend.

The only material difference in the state's claims of proof and those of the defendant is that he claims that Leach on several occasions asked him to get him narcotics for a friend and that on the occasion in question Leach provided part of the purchase price. The defendant admits selling the nine bags of narcotics to the agent but claims that Leach induced him to do so. According to the defendant, he kept the last bag for his own use.

The information upon which the defendant was arraigned charged him with violating the uniform act at Danbury on June 18, 1960, by having under his control certain narcotic drugs, to wit, heroin, contrary to statute. The specific statute was not identified in the body of the information, although §§ 19-246 and 19-265 were endorsed on the jacket of the information as the applicable sections. Section 19-246 provides that "[n]o person shall manufacture, possess, have under his control, sell, prescribe, dispense, compound, administer to himself or to another person or be addicted to the use of any narcotic drug, except as authorized in" the uniform act. Section 19-265 sets forth the penalties for all violations of the act except self-administration or addiction. The penalties for them are governed by § 19-265a. It does not appear that the defendant sought by a bill of particulars or otherwise to have the information made more specific. Had he done so, it is quite possible that, under the facts in this case, an information containing two or more counts might have resulted.

The defendant requested the court to charge that if the jury found that the drug was in his possession or under his control for purposes of administration to himself or when he was addicted to the use of the drug, the jury should so indicate in their verdict. The court did not so charge, and it was correct. Section 19-246 makes no distinction between possession or control of the drug for sale and possession or control for self-administration or by one who is an addict. A person who has the drug in his possession or under his control for any purpose other than a lawful one as described in the uniform act is guilty of a crime and subject to punishment under § 19-265. Self-administration and addiction are violations

which are separate and distinct from possession and control, although one could hardly administer to himself without having control. Section 19-265a provides the penalty when one actually administers the drug to himself or is an addict. The finding does not indicate that the defendant administered to himself any of the drug which he had under his control on June 18, 1960. The validity of the part of § 19-246 which makes addiction to narcotics a crime in and of itself is open to question under the opinion of the Supreme Court of the United States in *Robinson* v. *California,* 370 U.S. 660, 667, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (June 25, 1962), which holds that a state law which makes narcotics addiction a crime is unconstitutional under the fourteenth amendment to the federal constitution.

The remaining claim of error relates to the court's charge on the defense of entrapment. The defendant claims that he was inveigled by Leach into selling the narcotics to the agent and that this constituted entrapment. A charge is to be tested by the finding. *State* v. *DeGennaro,* 147 Conn. 296, 301, 160 A.2d 480. The claims of proof of the defendant on this aspect of the case are that Leach asked him to get some narcotics for a friend, gave him $15 of the $50 purchase price and induced him to sell the narcotics to the agent. On the basis of the finding, it is extremely doubtful that the defendant was entitled to a charge on entrapment. However, the court did charge on the defense of entrapment in substantial accord with the principles set forth in *State* v. *Marquardt,* 139 Conn. 1, 4, 89 A.2d 219. The charge met the test of being correct in law, adapted to the issues and sufficient for the guidance of the jury. *Lopes* v. *Connecticut Light & Power Co.,* 145 Conn. 313, 315, 142 A.2d 135. From the

exception which the defendant attempted to take to the entrapment phase of the charge, it is apparent that at that time he was concerned with entrapment only so far as it might be considered by the jury as a means of finding him guilty of a charge which would entail a lesser penalty than would a conviction for having narcotics under his control. We have already dealt with that feature of the case.

There is no error.

In this opinion KING, SHEA and ALCORN, Js., concurred.

BALDWIN, C. J. (dissenting). We are concerned with the expressed intent of the legislature when it amended the Uniform Narcotic Drug Act (General Statutes c. 344) in 1959. Prior to the amendment, as well as after, § 19-246 made it a crime, inter alia, for any person to possess narcotics or have them under his control, except as authorized by law. Addiction to and administration of narcotics to oneself, as distinguished from administration generally, were, prior to the amendment, not specifically prohibited. Section 19-265 provided a penalty for the violation of any provision of the act. In 1959, the General Assembly amended § 19-246 by adding drug addiction and administration of drugs to oneself to the list of prohibited acts. Public Acts 1959, No. 485, § 1. At the same time, self-administration and addiction were excluded from the operation of § 19-265. Public Acts 1959, No. 485, § 2. The legislature then added a new section, now § 19-265a, prescribing a separate penalty for self-administration or addiction. Public Acts 1959, No. 485, § 3. Under § 19-265a, although not under § 19-265, the court may, instead of imposing a prison sentence, order probation or commitment to a mental institution

for treatment. Furthermore, the maximum term of imprisonment under § 19-265 is greater than under § 19-265a.

The obvious purpose of the 1959 act was to reduce the penalty or permit treatment rather than imprisonment in the case of violations by those who were engaged only in self-administration of drugs or ministering to their own drug addiction. That purpose would be completely defeated if the literal interpretation adopted by the majority were followed. In order to administer a narcotic drug to himself, a person must, at some time, possess the drug or have it in his control. The construction which the majority feel impelled to give to §§ 19-246, 19-265 and 19-265a makes possession or control for any purpose a violation subject to the heavier penalty of § 19-265. Under this interpretation, every case of self-administration could be prosecuted as one of possession and the heavier penalty be thus invoked.

The jury should have been instructed, as requested by the defendant, to indicate in their verdict whether the possession was for self-administration or ministration to a drug addiction. The requested instruction was especially vital in view of the defense of entrapment. The jury could have found the defendant not guilty of possession for sale, because of entrapment, but guilty of possession for self-administration. Under such a verdict, the court could not have imposed the sentence it did.