## JOHN H. TUCKER *v.* WARDEN OF CONNECTICUT STATE PRISON

| SUPERIOR COURT | HARTFORD COUNTY | FILE No. 150637 |

Memorandum filed February 29, 1968[1]

*Louis RisCassi,* special public defender, for the plaintiff.

---

[1] An appeal to the state Supreme Court in this case was recently withdrawn. The subject matter of the memorandum, however, prompts its publication now.

*David B. Salzman,* assistant state's attorney, for the defendant.

PALMER, J. This is an application for a writ of habeas corpus, alleging unlawful imprisonment, filed by the plaintiff, acting pro se. The writ issued, and the court appointed a special attorney to represent the plaintiff, pursuant to Practice Book § 472D. A hearing was held at the state prison in Somers on December 5, 1967.

On January 5, 1965, plaintiff pleaded not guilty to the first part of an information charging the crime of violation of the "State Narcotic Drug Act (Possession)." The second part of this original information charged that he was a second offender. On March 18, 1965, he pleaded guilty to both parts of a substituted information charging, in its first part, violation of the "State Narcotic Drug Act (User)," and in its second part, that he was a second offender. The parties have stipulated in writing that the plaintiff pleaded guilty to that portion of General Statutes § 19-246 (repealed, Public Acts 1967, No. 555 § 79) which provided that "[n]o person shall . . . administer to himself . . . any narcotic drug . . . ." The penalty for self-administration of a narcotic drug was not more than five years. General Statutes § 19-265a (repealed, Public Acts 1967, No. 555 § 79). Any person, having been convicted of any crime and imprisoned therefor in the state prison, who afterwards is convicted of any crime for which the imprisonment may be a term in the state prison may be imprisoned therein for a term not exceeding double the term provided by law for such offense. General Statutes § 54-118. On March 26, 1965, the plaintiff was sentenced to a term of not less than six years and not more than eight years in the state prison, "to run

concurrently with any parole violation," and he is now confined therein.

This case was submitted to the court on a written stipulation which sets forth as a fact the following: "The [plaintiff] is and has been for some time, a user of narcotics, and that at the time of his present conviction, he was an admitted narcotics user. His imprisonment in a felony prison deprives him of necessary and needed treatment as an habitual narcotics user." The stipulation states the issue to be decided as follows: "Whether the State of Connecticut has imposed cruel and unusual punishment upon the [plaintiff] under Section 19-246 of the Connecticut General Statutes in violation of the Eighth and Fourteenth Amendments of the United States Constitution."

In his brief, the defendant says that the plaintiff, by not objecting to the jurisdiction of the court over his person until this petition for habeas corpus was filed, waived any such objection. This claim would be a valid one if the plaintiff was raising any question relative to jurisdiction over his person. *Reed v. Reincke,* 155 Conn. 591, 593; *State v. Licari,* 153 Conn. 127, 129. The record, however, does not indicate that the plaintiff is making any claim that his confinement is illegal because of any lack of jurisdiction over his person by reason of an illegal arrest or otherwise.

Although the point has not been raised by the defendant, the court has given consideration to the question whether the plaintiff's plea of guilty to the substituted information should bar this collateral attack upon his conviction by habeas corpus. See *United States ex rel. Swanson v. Reincke,* 344 F.2d 260, 261. In view, however, of the fact that this question does not appear to have been determined

by our Supreme Court, the court has decided not to rest its decision on this procedural ground.

Section 19-246 of the General Statutes, as amended in 1959 (Public Acts 1959, No. 485 § 1), provided that "[n]o person shall manufacture, possess, have under his control, sell, prescribe, dispense, compound, administer to himself or to another person or be addicted to the use of any narcotic drug, except as authorized in" the Uniform State Narcotic Drug Act. General Statutes, c. 344 (repealed, Public Acts 1967, No. 555 § 79). Section 19-265 of that act set forth the penalties for all violations of the act except self-administration and addiction, for which the penalties were governed by § 19-265a.

The Supreme Court of the United States has held that a state law which makes addiction to narcotics a crime inflicts a cruel and unusual punishment in violation of the fourteenth amendment to the federal constitution. *Robinson* v. *California,* 370 U.S. 660, 667. The Supreme Court of Connecticut has said that the validity of that part of § 19-246 which makes addiction to narcotics a crime in and of itself is open to question under the opinion of the United States Supreme Court in the *Robinson* case, supra. *State* v. *DaVila,* 150 Conn. 1, 5.

The plaintiff's excellent brief urges that "[i]f it is cruel and unusual punishment to . . . imprison an addict, it is cruel and unusual punishment to punish an habitual and dependent self-administrator of drugs because that is what a drug addict is . . . . If Connecticut cannot punish [the plaintiff] for drug addiction, it cannot punish him for conduct which is an immediate, necessary and inherent incident of his addiction, namely, the self-administration of narcotics to himself. *To allow this would be to permit Connecticut to punish indirectly what it can-*

*not punish directly.* To allow a state to imprison a narcotics addict for the act of administering to his addiction is to deprive the holding of the Supreme Court in *Robinson* v. *California* of all vitality . . . . When a person is afflicted by an illness it is irrational to say that he cannot be punished because he is ill, but he can be punished for the activity which is the proximate result and the necessary, immediate and inherent incident of his illness, such as self-administration.'?

The United States Supreme Court has said that "[t]here can be no question of the authority of the State in the exercise of its police power to regulate the administration, sale, prescription and use of dangerous and habit-forming drugs . . . . The right to exercise this power is so manifest in the interest of the public health and welfare, that it is . . . too firmly established to be successfully called in question." *Whipple* v. *Martinson,* 256 U.S. 41, 45; *Robinson* v. *California,* supra, 664.

The answer to the plaintiff's attack on the constitutionality of the provision of § 19-246 which makes self-administration of any narcotic drug a crime is to be found in the opinion of the United States Court of Appeals for the second circuit in *United States ex rel. Swanson* v. *Reincke,* 344 F.2d 260, which is very similar to the case at bar. There, as here, there was a plea of guilty to a substituted information charging self-administration in violation of § 19-246 of the General Statutes, and the court imposed a state prison sentence. There, as here, in a habeas corpus proceeding, the prisoner claimed that the provision of § 19-246 making self-administration of narcotics a crime was unconstitutional by virtue of the decision of the United States Supreme Court in the *Robinson* case, supra, in that it inflicts cruel and unusual punishment, in violation

of the eighth and fourteenth amendments to the federal constitution.

In *United States ex rel. Swanson* v. *Reincke,* supra, 263–64, the Court of Appeals said: "If a state cannot constitutionally make self-administration of narcotics by an addict a crime, . . . there would hardly be basis for a different view as to statutes punishing 'purchase,' 'possession,' 'transportation,' or 'use' of the drug where these were solely preliminaries to self-administration by such an addict. On such a construction [the] Robinson [case] would require the courts to impose many exceptions . . . on state narcotics acts . . . as well as on statutes condemning the purchase, possession, transportation or use of . . . addicting drugs or of alcohol. We are unable to believe that . . . [the Robinson case] was meant to prevent all state legislatures and Congress from determining, if they see fit, that the self-administration of narcotics or other noxious substances, and attendant purchase or possession, involve such dangers to their users, such potential of creating new addicts, and such other harmful social by-products, that proof of strong emotional or even of physiological compulsion shall not be a defense. We are well aware of the serious difference of opinion concerning the wisdom of anti-narcotics legislation seemingly so harsh as Connecticut's. But the very lack of an agreed solution argues against judicial interposition rather than for it. If Connecticut's legislature, after full consideration, has decided that in order to stamp out the horrors of the narcotics traffic or to prevent its spread, it is desirable to attempt to deter actual and potential addicts by the knowledge of liability to imprisonment if they administer drugs to themselves, that is a choice the Constitution permits to be made. 'in the insulated chambers afforded by the several States,' . . . . If Connecticut can constitutionally make

self-administration of narcotics a crime even for an
addict, . . . the provision of § 19-265a permitting
sentence up to five years . . . was [not] a cruel or
unusual punishment."

Addiction to any narcotic drug as prohibited by
§ 19-246 is one crime. The constitutional validity of
that crime is open to question, as previously noted.
Administration of any narcotic drug to oneself is,
however, an entirely separate and distinct crime,
even though both crimes are contained in the same
statute. *State* v. *DaVila,* supra, 4; *United States ex
rel. Swanson* v. *Reincke,* supra, 262. The fact that
the crime of addiction set forth in § 19-246 may be
constitutionally proscribed by the decision in *Robin-
son* v. *California,* 370 U.S. 660, does not mean that
the separate and distinct crime of self-administration
which is contained in the same statute is likewise
proscribed. The court will follow the opinion of the
Court of Appeals in *United States ex rel. Swanson*
v. *Reincke,* supra, that the portion of § 19-246 which
makes self-administration of any narcotic drug a
crime is not constitutionally invalid.

While the plaintiff's sentence in this case was a
term of not less than six years and not more than
eight years, which was in excess of the five-
year maximum prescribed by § 19-265a for self-
administration, his plea of guilty to and conviction
on the charge in the second part of the information
that he had been "once before convicted, sentenced
and imprisoned in a state prison" subjected him to
imprisonment for a term not exceeding double the
term of not less than five years provided by
§ 19-265a for the crime of self-administration. Gen-
eral Statutes § 54-118. He was therefore subject
to a maximum term of not more than ten years, and
the sentence imposed upon him was warranted by
law.

It should perhaps be noted that at its 1967 session the General Assembly adopted an act entitled, "An Act Revising the Laws Relating to Dependency-Producing Drugs and Treatment of Drug Dependent Persons." Public Acts 1967, No. 555; General Statutes, c. 359. In consequence of this enactment, in Connecticut self-administration of narcotic drugs is no longer a criminal offense punishable by imprisonment, as of October 1, 1967. Consequently, the problem posed by the instant case will not arise in respect to cases of self-administration which occurred on or after that date. Even though the legislature has the constitutional power to treat self-administration of narcotic drugs as a crime, and to provide imprisonment therefor, it has chosen not to do so in cases arising on or after October 1, 1967.

Judgment may enter dismissing the writ of habeas corpus.