[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL (#129) AND FOR JUDGMENT NOTWITHSTANDING VERDICT (#130)
The defendant seeks to set aside a verdict which awarded the plaintiff damages of $26,111. In its post-trial motions it is the defendant's claim that the court erred in (1) the denial of a motion for directed verdict and submission of the case to the jury on the theory of negligence; and in (2) the admission and refusal curatively to charge regarding what the defendant describes as evidence of remedial safety measures taken after the subject incident (Def. Mem. of Law, p. 4).
1. The parties were reasonably apprised of the court's intention to charge the jury on the issue of simple negligence, and not on the law of bailment. The court concurred with the defendant's position that there was insufficient evidence of a bailor-bailee relationship to justify a charge thereon. CT Page 7672
Although the amended complaint presents an example of rather poor draftsmanship, the evidence received at trial, in the context of a liberal interpretation of that pleading, permitted submission to the jury of the negligence issue. It was the court's determination, in short, that on the evidence as it related to the issue of liability, the jury could reasonably reach the verdict which it ultimately did reach within the allegations of the complaint. Grzys v. Connecticut Co., 123 Conn. 605, 614 (1938).
Despite having early notice of the court's intention, the defendant never communicated to the court any wish to plead contributory negligence; nor did the defendant except to the court's charge on negligence.
2. The court did not admit evidence of the subsequent erection of a fence at the perimeter of the defendant's terminal in proof of the alleged negligence. Evidence of a subsequent repair is, on grounds of public policy, clearly inadmissible in proof thereof. Hall v. Burns, 213 Conn. 446, 456-57 (1990).
However, even if the question of control of the locus of the plaintiff's loss was not in issue, as the defendant seems now to concede, "[w]here the subject of the repair is not the alleged cause of the plaintiff's injury but, [as here], is merely an effect or by-product of the injurious accident, the rule's public policy purposes are absent." Rokus v. Bridgeport, 191 Conn. 62,67 n. 1 (1983).
The defendant filed no request in writing for a limiting instruction. Although this would not have precluded the court from giving such instruction; Id. 67; what the defendant's counsel verbally requested; viz., a curative instruction "directing the jury to attach no weight and to totally disregard any testimony concerning security precautions taken by the defendant subsequent to the date of the subject loss;" Def. Motion to Set Aside Verdict and for New Trial (#129); would not have been adapted to the issues or a proper guide for the jury. Steinecke v. Medalie,139 Conn. 152, 157 (1952).
The defendant's motions are denied and judgment may enter in accordance with the jury's verdict.
GAFFNEY, J.